ABRAHAM ROSENBERG and HERTZ BLONDHEIM,
vs. ROBERT MOORE and CHARLES MOORE.

An assignment for the benefit of creditors, and stipulating for releases, must, on *its face* and by *its terms*, convey *all the property* of the grantor, and unless it does so, it is void, no matter whether it does, *in fact*, convey all his property or not.

A bill charging that the trustee under such a deed has placed the property under the care of a person of notoriously bad character, and that by his and the grantor's refusing to allow an inventory of the property to be made, if loss should occur, the creditors will be deprived of the necessary proof to show the extent of such loss, makes a case of imminent danger, justifying the granting of an injunction and the appointment of a receiver, without notice to the defendants.

APPEAL from the Circuit Court for Baltimore city.

The *original* bill in this case, filed on the 20th of June 1857, by the appellees against the appellants, besides containing the allegations in the original bill, in the preceding case, *(ante* 365,) makes Rosenberg a party defendant, and alleges that the *deed of trust* to him, of the 16th of June 1857, together with the previous deed to Goodman, were parts of a scheme devised by Blondheim, to enable him to hinder, delay and defraud his creditors; that though it contains a stipulation exacting releases from creditors, it does not subject to their claims all the property of the grantor, and does not, by its terms, convey all his property, and is, therefore, void upon *its* face. It further charges, that this deed of trust was contrived and devised by malice, fraud, covin and collusion, and was made, executed, delivered and accepted to the end, purpose and intent to hinder, delay and defraud the creditors of Blondheim in the collection of their debts; and then prays that the same may be declared void, and the property sold to pay the debts of Blondheim, and for general relief.

This deed of trust, filed as an exhibit with the bill, conveys to Rosenberg "all and singular the stock in trade" of Blondheim, now in his possession, consisting of dry goods, and all debts, &c., due him, and all books, accounts, bonds, bills, evidences and vouchers concerning the same, and all his right,

Rosenberg & Blondheim, *vs.* Moore.

&c., in the goods, &c., hereby conveyed; to have and to hold the same unto the said Rosenberg, his executors, &c., "with the exception of the stock and furniture in a house and store on Eutaw street, in said city, which is mentioned and particularly described in a bill of sale from said Blondheim to a certain Simon Goodman, dated the 7th of May 1857, and recorded, &c., which bill of sale was executed for the purpose of securing to said Goodman the sum of money therein mentioned as its consideration, and which is declared to be the meaning and intention of the parties hereto, but if said stock and furniture is more than sufficient to pay said sum, then the balance thereof, together with the above mentioned stock and chattels, in trust," &c. Then follow the stipulations in regard to *releases* from creditors, and the responsibility of the trustee, stated in the bill in the *preceding* case, *(ante* 366.*)*

Afterwards, on the 8th of July 1857, the complainants, under leave, filed an *amended and supplemental bill,* in which, after repeating the allegations of the original bill, they allege, by way of supplement and amendment, that on the 19th of June 1857, they filed in this court their bill against Blondheim and Goodman, praying, among other things, that the deed to the latter, of the 7th of May 1857, may be vacated, and for an injunction and receiver, as stated in the preceding case, *(ante* 365;*)* and that, by an order of this court, a receiver was appointed, who demanded the property he was thereby authorized to take into his possession, of Bondheim and Goodman, who declined to deliver the same, and told him they had delivered possession thereof to Rosenberg; that the receiver then, as complainants are informed and believe, and therefore charge, demanded possession of this property from Rosenberg; who also refused to deliver the same. The bill further charges, that after the execution of this *deed of trust,* Rosenberg, as complainants are informed and believe, and therefore charge, was repeatedly requested, by creditors of Blondheim, to take an inventory of the goods therein mentioned, but declined, and insisted he had been advised not to do so, as he would not be liable for the loss of any of the property except that which would actually come into his possession, and instead of

48     v. 11.

examining the trust property, and, at an early day, taking an inventory thereof, has not yet done so, but has placed the same in the possession and under the control of a man without credit, and whose character for honesty is notoriously bad, and, in his care and management of the trust property, disregards the wishes and interests of complainants, and all his other creditors who are not on terms of friendship with Blondheim. It further charges, that the complainants, at the instance of other creditors, and moved by their own feelings, fearful that this deed of trust was made to enable Blondheim, under cover thereof, to remove and secrete from his creditors a portion of the property therein mentioned, directed the receiver to employ watchmen to watch the property he was authorized to take into his possession, and also that mentioned in the deed of trust, to prevent it from being stolen or secretly removed by Blondheim, or any other person, until Rosenberg would cause an inventory thereof to be taken; that they are informed and believe, and therefore charge, that the receiver recently entered the store, No. 59, Eutaw street, in which it was supposed there was, at the time, a stock of goods worth from $3000 to $5000, and in which a stock of that amount was usually kept by Blondheim, and found goods not worth more than from $500 to $1000, which has confirmed them and other creditors, as they are informed and believe, and therefore charge, in their fears that this deed of trust was made for the purpose of enabling Blondheim, under cover thereof, to remove and secrete a portion of the property thereby conveyed, (as he denies,) in fraud of his creditors; that being so situated, and no inventory of the property having been taken, complainants will not, they fear, be able, in a suit against Rosenberg, to show the extent of what they have or may lose, by secret removals as aforesaid. The complainants therefore charge, that this deed of trust was devised in collusion, confederacy and guile, between Rosenberg and Blondheim, and other persons to them unknown, for the purpose of hindering, delaying and defrauding them, and other creditors of Blondheim, in the manner aforesaid, and by other ways and means, in the collection of their debts; and to allow Rosenberg longer to remain in possession

of the trust property, would be, as complainants fear, believe and charge, to give to Rosenberg and his confederates a greater opportunity of removing and secreting from creditors, and in fraud of them, the trust and other property aforesaid. The bill then prays for a receiver to be appointed, to take possession of the property mentioned in the deed of trust, and for an injunction to restrain Rosenberg and Blondheim from disposing of or retaining the same from the receiver.

Upon this bill the court (KREBS, J.) granted an injunction, and, without notice to, or a rule upon the defendants to show cause, appointed a receiver as prayed. From this order the defendants, *after filing their answers*, appealed, and having filed an approved *appeal bond*, the court, on their application, ordered the receiver to deliver up to Rosenberg the property which he had received under his appointment as receiver, and to report and account for the same to the court.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*W. C. N. Carr* and *Wm. Pinkney Whyte* for the appellants, argued, that the deed of trust from Blondheim to Rosenberg was a valid and legal instrument, and conveyed the legal title to him, and for this they cited *Burrill on Assignments*, 208; 6 *Watts & Sergt.*, 300, *Hennessy vs. Western Bank;* 6 *G. & J.*, 218, *State vs. Bank of Maryland;* 4 *Gill*, 128, *McCall vs. Hinkley;* 8 *Gill*, 472, *Kettlewell vs. Stewart;* 3 *Md. Rep.*, 11, *Green & Trammell vs. Trieber.* They further argued, that a receiver should not have been appointed, especially in this case, to take the possession out of the hands of a trustee who held the legal title. It should have been proved that the property was in imminent peril. There is no such direct charge, but merely that the complainants *were fearful* that the deed was made for the purpose of enabling Blondheim to remove or secrete the property from his creditors. There is no charge of malfeasance on the part of Rosenberg, nor of his insolvency. The fund was in no danger, for the trustee was bound to give bond, under the act of 1845, ch. 166,

and the complainants do not deny his respectability, but merely allege *they fear* they may not be able, in a suit against him, to show the extent of their loss. They relied upon the same authorities on this point as in the preceding case, and also cited 3 *Md. Rep.*, 99, *Furlong & Miller vs. Edwards;* 7 *G. & J.,* 467, *Bank of Maryland vs. Ruff; Edwards on Receivers,* 22; 1 *Ambler,* 311, *Mordaunt vs. Hooper;* 2 *Molloy,* 81, *Lloyd vs. Trimleston;* 2 *Younge & Coll.,* 353, *Smith vs. Smith.*

*P. McLaughlin* and *J. M. Campbell* for the appellees, insisted, that the deed was void, because it requires, in effect, that the creditors shall sanction a security granted by Blondheim to Goodman, without examination, and where it is plain that perjury has been committed, and also because it seeks to exonerate the trustee from the effects of negligence, and because it does not purport to convey the entire property of Blondheim. 3 *Sandford,* 545, *Litchfield vs. White,* and same case in 3 *Selden,* 438. *Burrill on Assignments,* 209, 280. 3 *Md. Rep.,* 11, *Green & Trammell vs. Trieber.* 8 *Md. Rep.,* 418, *Malcolm vs. Hodges.* They also argued, that, looking to the bill alone, as this court is bound to do on this appeal, it makes a strong and irresistible case for an injunction and a receiver. Besides legal, there is actual, fraud charged (and, for the purpose of this argument, admitted) against both Blondheim and the trustee, Rosenberg, and mal-administration by the latter. See authorities cited in the preceding case.

Le Grand, C. J., delivered the opinion of this court.

We are of opinion that the case made by the original and amended bill, justified the action of the circuit court. The deed assailed does not, in words, convey *all* the property of Blondheim; that which it did convey, for the benefit of his creditors, may, indeed, have been all, but its terms are not inconsistent with the fact that he may have retained a considerable amount of property, real and personal. Whilst the law authorizes a debtor to make a deed, such as the one in this case, it yet demands it should be a conveyance of *all* his property, without any reservation, whatsoever, to himself. *Green*

& *Trammell vs. Trieber*, 3 *Md. Rep.*, 11; and *Sangston vs. Gaither*, 3 *Md. Rep.*, 40. This is not plainly manifest on the face of the deed. It should have affirmatively so appeared. As was said in the case of *Malcolm vs. Hodges*, 8 *Md. Rep.*, 418, the validity of a deed of trust, for the benefit of creditors, must be determined by the deed itself, without reference to extrinsic facts; such an assignment, to be valid, must convey all the property of the debtor, and, *in terms*, dedicate the whole for the benefit of his creditors. Besides, the bill shows the property to be in imminent danger. It avers, that it has been placed under the care of a person of notoriously bad character, and that, by the refusal of the defendants, and the custodian of the goods, to allow an inventory to be made, that if loss should occur, complainants and the other creditors will be deprived of the necessary proof to show the extent of such loss. These circumstances, we think, bring this case within the rules laid down in the case of *Blondheim, et al., vs. Moore, et al.*, decided at this term, *(ante* 365.)

*Order affirmed, and cause remanded.*