## BLAKE and Others v. FAULKNER and Others.

Under the provisions of the voluntary assignment law of 1859, an assignment by copartners for the payment of partnership debts, which embraces all their joint property, will be valid, although it does not embrace any of the individual property of any of the partners.

APPEAL from the *Marion* Common Pleas.

DAVISON, J.—This was a proceeding by the appellees, who were the plaintiffs, against *James Blake, William M. Blake* and *Israel Taylor*, under the statute regulating "proceedings supplementary to execution." The complaint, which is in the form of an affidavit, alleges these facts: The plaintiffs recovered three several judgments against *James* and *William*

*M. Blake,* in the *Marion* Common Pleas, amounting in the aggregate to 1,800 dollars. An execution upon each of these judgments was duly issued and severally returned *nulla bona.* The notes upon which the judgments were rendered, were executed to the plaintiffs, by the late firm of *Wright, Blake & Co.* Two of the members of that firm, viz: *James* and *William M. Blake,* were alone sued on the notes, for the reason that *John J. Wright,* the other member, was, when suit was commenced thereon, without the jurisdiction of the State. On the 9th of *March,* 1860, and prior to the rendition of the judgment, the firm of *Wright, Blake & Co.,* had assets of the nominal value of 19,988 dollars. *James Blake* owned real and personal property worth 2,000 dollars, and *William M. Blake* was the owner of property of the value of 700 dollars. And on that day *James Blake,* on behalf of said firm, made a fraudulent assignment of its assets to *Israel Taylor.* It is averred that *James Blake,* in making the assignment, only assigned the firm property, that he fraudulently failed and refused to assign any part of his, or *Wright's,* or *William Blake's,* individual property, and that *Taylor,* the assignee, · has in his hands the assets, by him received in virtue of the assignment, consisting of notes, bonds and cash to the amount of 19,988 dollars, which belongs to said firm, and which ought to be applied to the payment of the plaintiff's judgments, &c. Defendants demurred to the complaint; but the demurrer was overruled, and thereupon they answered, 1. By a general traverse; 2. That at the time of said assignment, *James Blake* had and held the notes, bonds, &c., by transfer, from *John J. Wright* and *William Blake,* as assets of the firm of *Wright, Blake & Co.;* that the same were so transferred to him to be applied to the payment of the debts of said firm, and that the same constituted all the property, of any kind, of which *John J. Wright, James Blake* and *William Blake,* or either of them, had control. That any other property of which *James* and

Blake and Others *v.* Faulkner and Others.

*William* were then seized or possessed, either real or personal, was held by judgments rendered against them, and each of them; which judgments are set forth in a schedule thereof, annexed to this answer, and made a part of it. And that executions had issued on most of these judgments, and were then in the hands of the sheriff. That *Wright* had no property or estate, or any interest therein, except what was embraced in the assets of said firm; and that the assignment embraced, and was intended to embrace, all the property and effects of the parties as members of said firm, that they, or either of them, had any right to control, for the benefit of all creditors of the parties, having any right to participate in the proceeds of said assets. It is averred that the assignment was made in good faith, and for the purpose of making an equitable distribution of the assets aforesaid among the creditors entitled to secure them. Plaintiffs demurred to the second defence. The Court sustained the demurrer, and the defendants excepted. The issues made by the general traverse were submitted to the Court who found, *inter alia*, that the assignment, by *James Blake* to *Israel Taylor*, of the assets of *Wright, Blake & Co.*, is void, and that the assignee deliver over to the Clerk of said Court sufficient of the funds in his hands, as such, to pay the plaintiff's judgments, &c. Judgment, over a motion for a new trial, was, accordingly rendered, &c.

The deed of assignment is set out in the record, and is in the usual form. It states that *Wright, Blake & Co.*, had ceased to carry on business; had disposed of their stock of goods, and placed their assets in the hands of *James Blake* to be converted into cash and applied to the payment of their liabilities; that said firm is indebted in large sums of money which their assets are insufficient to pay, and that, for the purpose of making an equitable distribution of the property of the firm among all their creditors, he, *James Blake*, with the assent of *John J. Wright* and *William Blake*, assigns to *Israel*

*Taylor*, &c. ———. The appellees contend that the assignment, then made, is absolutely void, because it assigns the assets of the firm only, and does not purport to assign the individual property of the copartners. In support of that position, we are referred to the "act to provide for voluntary assigments," &c., approved March the 5th, 1859. Section 1 of that act says: "Any debtor, or debtors, in embarrassed or failing circumstances, may make a general assignment of all *his* or *their* property, in trust for the benefit of all *his* or *their* creditors; and all assignments hereafter made by such *person* or persons for such purpose, except as provided for in this act, shall be deemed fraudulent and void." And section 2 provides that "the indenture of assignment shall contain a full description of all real estate thus assigned, and be accompanied by a schedule containing a particular enumeration of all personal property assigned, and the assignor shall make oath— * * that said indenture and schedule contain a statement of all property, rights and credits belonging to him, or of which he has any knowledge," &c. Acts 1859, pp. 239, 240.

These provisions, it is insisted, indicate a legislative intent that all the property of the assignor or assignors, subject to the payment of *his* or *their* debts should be included in the assignment. While on the other hand it is argued that the act in its first section "provides for two classes of cases, 1. For an assignment by a single debtor, in which all his property must be assigned. 2. For joint debtors, who must assign all their property." The latter construction seems to be correct, because it is consistent with the well settled principle "that partnership property is in the first instance liable for partnership debts, and individual property for individual debt." *Wier* v. *Thornburgh*, 15 Ind. 124; *McCulloh* v. *Dashiel*, 1 Am. Lead. Cases, 460, note; *vide* notes in *Silk* v. *Prime*, 1 Lead. Cases in Equity, 72; 3 Kent's Comm. 74. If, as con-

Blake and Others *v.* Faulkner and Others.

tended by the appellee, the assignment to be valid must embrace the individual property of the co-partners, it would seem to follow, "that the private property of one member of the partnership could be taken to pay the private debts of another partner, who may have no private property of his own." And moreover, "the partnership property may be taken, by law, from the partnership creditors and applied to the payment of the private debts of the individual partners. The act, in our judgment should not be thus construed. The words *their property* and *their creditors*, in the connection in which they are used in the statute, may, in accordance with the ordinary rules of interpretation, be held to mean *joint property* and *joint creditors*. And this being done, the enactment, in its intent and purpose, would be consistent with the very just principle above stated, viz: "That partnership property is in the first instance liable to partnership debts." Against the construction thus given we are refered to *Simmons* v. *Curtis*, 41 Maine 373; but, as that decision is founded upon a statutory enactment, in many respects, dissimilar to the one before us, we are not inclined to follow it.

Our conclusion is, that the assignment to *Israel Taylor* is valid; that the finding and judgment of the Common Pleas were erroneous, and that the defendants below are, therefore, entitled to a new trial.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for new trial.

*McDonald & Roache*, and *Newcomb & Tarkington*, for the appellants.

*William Henderson* and *Thomas A. Hendricks*, for the appellees.