# SUPREME COURT,

## STATE OF KANSAS.

## JULY TERM, 1890.

PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. DANIEL M. VALENTINE, } Associate Justices.
Hon. WILLIAM A. JOHNSTON, }

H. J. McFarland v. Anna Bate *et al.*

45  1
52 701

1. Partnership—*Voluntary Assignment, Not Void.* The voluntary assignment by a firm of the partnership estate for the benefit of their creditors, without reservations, preferences, or stipulations exacting full releases from participating creditors, and which is valid in other respects, will not be rendered void because the individual property of the partners is not included in the assignment.

2. ——— *Nugatory Provision—Valid Assignment.* A provision in an assignment conveying partnership property, excepting such articles as may be exempt by law, is nugatory and to be treated as surplusage; and where it does not appear that any part of the property was set apart or reserved for the benefit of the assignors, it will not invalidate the assignment.

*Error from Lyon District Court.*

Garnishment proceeding. The matter was submitted to the court upon the following agreed statement of facts:

"In an action pending in the district court of Lyon county, Kansas, wherein H. J. McFarland, assignee, was plaintiff, and Anna Bate and M. K. Moulton, partners doing business as Bate & Moulton, were defendants, after judgment in favor of the plaintiff and the return of an execution wholly unsatisfied

1—45 kas.

issued on such judgment, an order of garnishment was issued to M. C. Little, and in order to determine his liability as such garnishee, the following facts were agreed upon:

"It is agreed, for the purpose of having the liability of M. C. Little as garnishee in the above-entitled action, (H. J. McFarland, assignee, v. Anna Bate and M. K. Moulton, partners, doing business as Bate & Moulton,) determined, that the plaintiff above named did in the Lyon county district court obtain judgment against said defendants on May 17, 1887, in the sum of $581.20; that the same is still wholly unpaid, and plaintiff's judgment was for a partnership debt against the firm of Bate & Moulton; that the debt on which said judgment was rendered accrued prior to December 10, 1886; that on December 10, 1886, said defendants executed the paper hereto attached (Deed of Assignment); that at the time of the execution of said paper, the defendant Anna Bate was the owner of lot 102 on Constitution street, Emporia, Lyon county, Kansas, on which were situated two dwelling-houses, the same being independent of each other and arranged for the purpose of being used separately and independently of each other as residences, and were so used, one of them being used by said Anna Bate as a homestead, and the other occupied by a tenant who paid her rent therefor, and the said dwelling so occupied by said tenant for some time after said pretended deed of assignment was executed, with the appurtenances thereto, was of the value of $2,000; that thereafter said Anna Bate, on February 8, 1887, conveyed said last-mentioned dwelling by deed executed to Geo. R. Bate; that no portion of the proceeds of such property either in rents or purchase-money ever came to the hands of said Little, but that the whole of the said purchase-money was applied to the payment of the individual debts of said Anna Bate; that some time prior to the execution of the deed of assignment hereto attached, the said Anna Bate was informed that said dwelling-house was subject to the payment of her debts; that afterward and at the time of the execution of said deed of assignment she left the said dwelling out of said deed of assignment because she desired to reserve the same for her own use, for her support and for the payment of her individual debts; that at the time of the execution of said deed of assignment said Anna Bate was individually indebted to divers persons in the sum of $2,800, which sum far exceeded the value of all her individual property not exempt under the statute; that at the creditors' meeting held according to law under said

deed of assignment December 30, 1886, the plaintiff appeared by the present counsel herein, and with a full knowledge of all the above facts voted for said Little at the election of assignee; that at the time of said assignment the said firm with both the said members thereof were insolvent."

(Copy of paper referred to:)

"Know all men by these presents that, whereas Bate & Moulton, a firm composed of Mrs. Anna Bate and Mrs. M. K. Moulton, of the city of Emporia, county of Lyon, and state of Kansas, are indebted to divers persons in considerable sums of money which they are unable to pay in full, and said firm are insolvent and not able to pay their debts in full, and they are desirous to convey all their property for the benefit of all their creditors, under the laws of the state of Kansas in regard to assignment for the benefit of creditors: Therefore, we, the said firm of Bate & Moulton, composed of Mrs. Anna Bate and Mrs. M. K. Moulton, in consideration of the premises, and for one dollar to us in hand paid, the receipt is hereby confessed, paid by M. C. Little, of the city of Emporia aforesaid, have granted, bargained, sold, assigned, transferred, and set over, and by these presents do bargain, sell, assign, transfer, and set over, unto the said M. C. Little, all our stock of millinery and fancy goods, underwear, gloves, hosiery, embroidery, etc., and our entire stock in trade contained in our place of business, being a store-room in Fluke's block, in said city of Emporia, known as Bate & Moulton's millinery store, also the counters, shelves, showcases, stoves and fixtures and furniture contained in said store, being and including the entire stock in trade and fixtures, and all articles used by said firm in carrying on their business and belonging to said firm, except such articles as may be exempt by law from levy and sale on execution.

"All this, however, subject to a certain chattel mortgage to F. W. Drake, of Emporia, to secure $164, and also one chattel mortgage to Ella C. Drake, to secure $80, both dated December 8, 1886:

"To have and to hold the assigned property unto the said M. C. Little in trust for the uses and purposes herein expressed, and under the said laws of the state of Kansas:

"First, To pay the costs and charges of these presents and the lawful expenses of executing the trust herein created;

"Second, To sell and dispose of said assigned property in pursuance of law and the orders of the proper court, and out

of the proceeds pay the costs and expenses aforesaid, and distribute and pay the remainder to the creditors of the said firm of Bate & Moulton, for all liabilities and debts which said firm may be owing: *Provided, however,* That if there shall not be sufficient funds with which to pay all said debts in full, then the same are to be paid ratably and in proportion to amount of each ;

"Third, The residue of said proceeds, if any there be, after paying all said debts in full, the said M. C. Little is to pay to said firm or their assigns.

"In witness whereof, we have hereunto set our hands this 10th day of December, 1886.

BATE & MOULTON.

MRS. ANNA BATE.

MRS. M. K. MOULTON."

"STATE OF KANSAS, LYON COUNTY, ss.

"On this 10th day of December, 1886, personally came before me, a notary public in and for said county and state, Bate & Moulton, and Mrs. Anna Bate and Mrs. M. K. Moulton, to me personally known to be the same persons and firm who executed the foregoing instrument, and duly acknowledged the execution of the same.

"In witness whereof, I have hereunto set my hand and notarial seal the day and year last above written.

[SEAL.]          J. F. DRAKE, *Notary Public.*
My commission expires November 4th, 1888."

"I hereby accept the trust created by the above instrument, and agree faithfully to perform the same.   M. C. LITTLE.

"Dated, Emporia, Kansas, December 10th, 1886."

"It is further agreed that said garnishee had in his hands certain funds arising from the sale of personal property belonging to the firm of Bate & Moulton, and conveyed to him by the foregoing deed of assignment, and was not otherwise chargeable to him as garnishee."

The questions submitted to the court were whether or not the failure to include the individual property of one of the partners, not exempt from execution, would, under the circumstances, invalidate the deed of assignment; and, if so, was the plaintiff estopped to claim it because he participated in the election of the assignee at the creditors' meeting ? The court found generally in favor of the garnishee, and entered

judgment in his favor for costs.    The plaintiff asks a reversal of that judgment.

*Cunningham & McCarty,* for plaintiff in error.

*W. C. Simpson,* and *Kellogg & Sedgwick,* for Little, assignee.

The opinion of the court was delivered by

JOHNSTON, J.: The deed of assignment is assailed upon two grounds : First, because of a reservation in the instrument, in these words : "Except such articles as may be exempt by law from levy and sale on execution;" and, second, the failure to include in the deed the individual property of Anna Bate, one of the assignors.

As to the first objection, it may be said that only partnership property was conveyed or intended to be conveyed by the deed of assignment, and as none of it was or is exempt, there was no reservation for the benefit of the assignors, and it does not appear that any portion of the partnership property was set apart or reserved for the benefit of the assignors. It has already been decided that such an exception is nugatory and will not invalidate the assignment. (*Dodd v. Hills,* 21 Kas. 707; *Guptil v. McFee,* 9 id. 30.)

As to the second objection, it appears that the assignment covered only the partnership property, and that one of the partners had individual property beyond what was exempt from the process of creditors.    It is contended that the exclusion of individual property from the assignment was sufficient to invalidate it.    There is nothing deceptive or misleading in the terms of the instrument, nor do we find anything indicating an intentional fraud upon any of the creditors. The whole partnership property was surrendered without reservation or preference.    All the creditors of the assignors were free to participate in the assigned assets, and no releases were exacted from those who did participate, nor any conditions imposed which would debar or hamper them from proceeding against the individual or other property not included in the assignment.    It is true, it is only a partial assignment, but

such a transfer is not necessarily invalid. Its validity depends upon the statute regulating assignments, and it is well settled that unless prohibited by statute, the debtor may assign a portion of his property for the benefit of his creditors, if all may unconditionally participate in that which is assigned, and if that which is not assigned is open and available to the remedies of all creditors. (*Estabrook v. Messersmith*, 18 Wis. 572; *Carpenter v. Underwood*, 19 N. Y. 520; *Bates v. Ableman*, 13 Wis. 644; Burrill, Assignm., 203, 232, 272; Bump, Fraud. Conv., 369, 391.) The same principle has been sustained where it was held that the assignment of all partnership property for the benefit of creditors is not invalid by reason of the fact that the individual property was not also assigned. (*Auley v. Ostermann*, 25 N. W. Rep. 657; *Blair v. Black*, 9 S. E. Rep. 1033; *Trumbo v. Hamel*, 8 id. 83; *Blake v. Faulkner*, 18 Ind. 47; *Ex parte Hopkins*, 2 N. E. Rep. 587.)

We are cited to several cases holding against the validity of partial assignments, but these authorities are based on statutes requiring that all the property or estate of the creditor shall be conveyed, or where one of the conditions of the deed making a partial assignment was that the creditors accepting its terms should give releases in full of their several debts. It may now be considered to be established by the weight of authority that a partial assignment which exacts releases from accepting creditors and deprives them from access to the residue not assigned is invalid. In this case, however, no releases were required, no preferences given, nor any reservations made, and our statutes do not prohibit partial assignments; and hence the cases cited do not apply here. Although our statute relating to assignments requires that such property as is conveyed shall be for the benefit of all the creditors of the assignor in proportion to their respective claims, it does not require that all the estate of the debtor shall be assigned. (Gen. Stat. of 1889, ¶ 342.) The legislative purpose is further indicated in the subsequent paragraphs of that act, wherein it is provided that only an inventory of the property assigned shall be filed, and not an inventory of all the debtor's

estate, and also that the affidavit attached to the inventory shall be likewise limited. The court proceeded upon this theory when it held that in the absence of any statute prescribing the manner of closing up partnership estates, a surviving partner might make an assignment of partnership property for the benefit of the creditors of the firm. (*Shattuck v. Chandler*, 40 Kas. 516.) It is certain that the surviving partner could not assign the individual assets of his deceased partner, and equally certain that the individual property is subject to the payment of the unsatisfied claims of the firm's creditors. We conclude that partial assignments are not prohibited by our statutes, and that the assignment of a firm need not necessarily include the individual estates of the partners. So far as the record shows, the action of the assignors was fair and honest; the assignment was openly made by them, and it purported to convey partnership property only. There was nothing in the instrument which tended to show that it included the individual property; nor does it appear that the individual property not assigned was concealed or placed beyond the reach of the plaintiff or any other creditor. The unassigned residue was accessible to all the creditors, and the record shows that all of this residue has been taken to satisfy the claims of the individual creditors of Mrs. Bates. The assignment upon its face is valid, and we find nothing in the record which renders it void.

The judgment of the district court is affirmed.

All the Justices concurring.