DAVID BRADLEY & Co., Appellants, v. AUGUST BISCHEL et al., Appellees.

1. **Assignment for the Benefit of Creditors:** PROPERTY EXEMPT FROM EXECUTION. A provision in a general assignment for the benefit of creditors reserving to the assignor property exempt from execution will not render the assignment invalid.

2. ———: COPARTNERSHIP : INDIVIDUAL CREDITORS. A general assignment by a copartnership for the benefit of the creditors of the firm, without provision for the creditors of the individual partners, is valid.

3. ———: FRAUDULENT INTENTION OF ASSIGNOR. The belief of an insolvent in the execution of a general assignment, that he will thereby be absolved from all further obligation to his creditors, will not affect the validity of the deed if made according to law.

4. ———: EXECUTION OF TRUST. Carelessness or dishonesty in the disposition of property under a general assignment on the part of those intrusted with the execution of the trust will not invalidate the deed of assignment.

*Appeal from Cherokee District Court.*—HON. C. H. LEWIS, Judge.

MONDAY, OCTOBER 13, 1890.

ACTION by attachment upon an account for goods sold. Intervenors claimed the right to the property attached, and their claim was sustained by the judgment of the district court. From this judgment plaintiffs appeal.

*Wright, Baldwin & Haldane,* for appellants.

*W. Wakefield,* for appellees.

BECK, J.—I. The petition was filed and the attachment was issued on the twenty-first day of January, 1888, and at 12:50 o'clock P. M. the property in controversy was seized under the attachment. D. M. Beams, on the twenty-first day of February, 1888, intervened in the action by petition, claiming the property, or a part of it, under a chattel mortgage executed by August Bischel, March 11, 1886, to secure a promissory note of same date, given for the purchase of some of the goods in controversy. It was acknowledged on the twentieth day of January, 1888, and filed for record on the next day, at one o'clock P. M. McMillan became a partner of Bischel, acquiring an interest as such in the goods. Subsequently, on the eleventh day of January, 1888, the firm, being known by the style of A. Bischel & Co., in that name executed to James P. Mallison, assignee, an assignment of all the property of the firm for the benefit of all its creditors. Beams, claiming under his mortgage, and Mallison, claiming as assignee, intervened, and separately set up and urged their rights to the property in question. No controversy arises in this appeal between the intervenors; the controversy being wholly between plaintiffs and the intervenors. The assignee, Mallison, seems to concede Beams' claim under his mortgage.

It will be observed that plaintiffs' claim to the property rests upon the attachment proceedings, in which it was seized, while Beams' claim rests on his mortgage, and Mallison's upon the assignment. We need not consider the objection made by plaintiffs to the

validity of Beams' mortgage, if we find that the assignment to Mallison is valid, and passes to him the right as an assignee to the goods, for the reason that the plaintiff, in case the mortgage should be held invalid, would have no right to the property which passes under the assignment. Nor need we question the regularity of plaintiffs' attachment proceedings, assuming that they are sufficient. The case is not presented with usual clearness, which has imposed upon us much unnecessary and vexatious labor. But, by patient consideration of the abstract, we believe that we have been enabled to determine the controlling facts in the case.

II. Plaintiffs assail the assignment to Mallison, with objections directed against several points of attack.

1. ASSIGNMENT: for the benefit of creditors: property exempt from execution.
They will·be considered in the order of their discussion in the argument of plaintiffs' counsel. The assignment is in the following language :

"Know all men by these presents, that the firm of A. Bischel & Co., of Aurelia, Iowa, a firm composed of August Bischel and J. W. McMillan, and doing business under the firm-name and style of A. Bischel & Co., hereby assigns and conveys unto James P. Mallison, of Aurelia, Iowa, all of the property of the said firm not exempt from execution, for the benefit of all of the creditors of said firm, in proportion to the amount of their respective claims and demands. This conveyance is made subject to any existing mortgages on said property or any of it. Done this eleventh day of January, A. D. 1888."

"A. BISCHEL & Co."

III. It is first objected that this instrument is not a general assignment of all the property of the assignor, for the reason that it excepts property exempt from execution, and is for the benefit of the creditors of the firm alone. Property "exempt from execution" cannot be taken by the creditor, and may be held by the debtor free from liability for his debts. If such property be omitted from an assignment the instrument is not affected thereby ; for it conveys all property which is subject to

the debts.    It would be strange indeed, if property not subject to debts must be conveyed only to be discharged therefrom.    The exempt property need not be conveyed by the assignment.    In this case, as the description was general, covering all the assignor's property, the exception of exempt property, properly, was introduced as a description of the property intended to be transferred. *Perry v. Vezina,* 63 Iowa, 27.

IV.    It is next insisted that, as the instrument declares that it is made for the benefit of the firm cred-

2. ——: copartnership: individual creditors. itors, it is not in compliance with the law. The assignment was of firm property, which must be first applied to firm debts.    The provision of the instrument in this regard is simply in harmony with the law.    If, after the firm debts are paid, a balance should remain, the law will provide proceedings wherein that balance may be paid to the creditors of the copartners, if there be any.    *Auley v. Osterman,* 65 Wis. 118; 25 N. W. Rep. 657, and 26 N. W. Rep. 568; *Blake v. Falkner,* 18 Ind. 47; *Ex parte Hopkins,* 104 Ind. 157; 2 N. E. Rep. 587.

V.    The plaintiffs, in one of their pleadings, allege that the assignment was made to hinder, delay and

3. FRAUDULENT intention of assignor. defraud creditors.    Counsel for the plaintiffs insist that this allegation is established by the evidence, in that it shows that the assignment was made by defendants in the hope, based upon ignorance of the law, that the assignors would be relieved of their debts, so far as they should remain unpaid after the assignment proceedings were closed, and that they would derive other benefits therefrom. The purposes and intentions of the assignors cannot defeat a valid assignment for the benefit of creditors. The assignment executed by the debtor puts the property assigned in the custody of the law, the proceeds thereof to be paid to the creditors of the assignor.    The interest and rights of the creditors cannot be affected prejudicially, or defeated, by the fraudulent purpose of the assignor

VI. It is also insisted that the evidence warrants the conclusion that the debtor intended or desired that **4. EXECUTION of trust.** the property, after the assignment, was not managed carefully, honestly, and for the best interest of the creditors. Assuming that the creditors were thus attempting to defraud and cheat themselves, it is not a matter of which they can complain. But, assuming that counsel intend to charge that a part of the creditors were so acting, the others had their ready remedy by applying to the proper court for a correction of such things, which would have been speedily ordered. These considerations lead to the satisfactory conclusion that the judgment of the district court ought to be AFFIRMED.