## MC CORD–BRADY COMPANY v. MILLS, ET AL.

ASSIGNMENT. FOR BENEFIT OF CREDITORS — PARTNERSHIP ASSIGNMENT — EXCLUSION OF INDIVIDUAL PROPERTY — GARNISHMENT — CUSTODIA LEGIS — PENDENCY OF PRIOR GARNISHMENT PROCEEDINGS IN ANOTHER COURT.

1. Where by the terms of an assignment by a partnership for the benefit of creditors, or pursuant to statute, all creditors accepting dividends are required to release the assignors from further liability; the assignment, to be valid, must embrace the separate property of the individual partners as well as all the firm property.

2. By that rule the equitable principle which distributes partnership property first to partnership creditors, and separate property first to separate creditors, is not ·disregarded, for in the course of administration of the insolvent estate the proceeds of the several classes of property can be so applied as to preserve that principle.

3. Under the provision of the act regulating voluntary assignments requiring any creditor accepting from the assignee any dividend to release the assignor from all further liability on the claim on which such payment is made, a release of a partnership by a creditor, in case of an assignment by a partnership, will operate as a release of the individual partners as well as of the firm, the statute requiring an unconditional release.

4. In view of the statutory requirement for the release of the assignor from further liability by a creditor accepting a dividend out of the assigned property, an assignment by a partnership, to be valid, must embrace the separate property of the individual partners as well as all the firm property.

5. A judgment creditor having a judgment against the individual members of a firm on a firm debt may attack the

validity of an assignment for creditors made by the partnership and including only partnership assets, upon the ground that the individual property is not included in the assignment.

6. An assignment for the benefit of creditors being void, it confers no right upon the assignee as against attacking creditors; and the property included in such void assignment is not in the custody of the law, so as to prevent an attachment, or its sequestration, by legal process at the suit of and to satisfy creditors.

7. A person in possession of the debtor's property, who has been garnisheed by a creditor in the federal court, may be garnisheed in the State court by other creditors pending the proceedings in the federal court, but only the surplus which may remain in the hands of the garnishee after satisfying the orders in the suit and under the garnishment in the federal court, will be subject to the proceedings in the State court; and the latter proceedings should be suspended, after answer and disclosure, until the liability of the garnishee in the prior proceedings in the other court shall be finally ascertained and determined.

[Decided April 24, 1899.]

On reserved questions from the District Court, Sheridan County, Hon. Joseph L. Stotts, Judge.

The material facts are stated in the opinion.

*E. E. Lonabaugh,* for plaintiff.

By the great weight of authority, a partnership assignment, where the statute requires participating creditors to execute releases of the assignor, is void unless the separate property of the members of the firm is included in the assignment. (Hutzler v. Phillips (S. C.), 1 S. E., 508; 3 Md., 11; 8 Md., 418; 11 Id., 376; 14 Id., 24; 16 Id., 101; May v. Walker, 28 N. W., 252; Thompson v. Winona, etc., 43 Id., 383; In re Allen, 41 Minn., 430; 47 Md., 545; 23 Md., 175; 21 Ala., 380; Bank v. Beebe, 35 Id., 435; Farwell v. Brooks, 68 Id., 5; Blum v. Wellburn, 58 Tex., 157; Donohoo v. Fish, Id., 164; Williams v. Crocker, 18 So., 52; Shepard v. Reeves, 21 S. W., 774; Burrill on Assignments, 4th ed., 273, 5th ed., 285; Dodd v. Martin, 15 Fed., 338; Duggan v. Bliss, 4 Colo.,

223; Thomas v. Jenks, 5 Rawle, 221; 5 Johns, Ch. 329; 46 Ark., 405; 66 Tex., 715; 2 Bates Part., 746; 1 Id., 747–749, 454, 457, 385; Sandmyer v. Ins. Co., 50 N. W., 353; 80 Fed., 862; 139 U. S., 628; 81 Wis., 641; 142 U. S., 622; Swofford Bros. v. Mills, 86 Fed., 556; Kennedy v. McKee, 142 U. S., 606.)

A failure to comply with the law renders an assignment fraudulent and justifies attachment.    (60 Md., 447; 35 S. W., 902; 1 Gray, 239; 44 Pac., 447; 34 Hun., 562; 1 Shinn Att., 124; Kneeland Att., 339; Wade Att., 327, 330.)    Its validity may be tested by garnishment proceedings against the assignee.    (Door v. Schmidt, 21 So., 279; Williams v. Crocker, 18 So., 54; Johnson v. Graham, 6 Cal., 195; Shinn, p. 834; Ware v. Wanless, 2 Wyo., 144; Wearne v. France, 3 Wyo., 273.)

The only effect of pendency of garnishment proceedings in another court is to require a stay of proceedings. (Finch v. Bank, 65 Ill. App., 337; Knight v. Griffin, 43 N. E., 727; Howland v. R. R. Co., 36 S. W., 29; Embree v. Hanna, 5 Johns., 101; Van Ness v. McLead, 31 Pac., 798; Boyd v. Ins. Co., 16 S. E., 389; Drake Att., 700.)

Although our assignment act may have been taken from Indiana, the law of that State did not require releases. Our section as to releases did not come from there. Hence the Indiana decisions are not controlling.

*John P. Arnott* and *Burke & Fowler*, for defendants.

The language of Section 1 of the assignment act contemplates a partnership assignment of partnership property.    An assignment of partnership property only will not necessarily bar a participating firm creditor from resorting to the individual property for any balance of his claim unpaid.    We are bound by the construction placed upon the act by the courts of Indiana as our act was taken from the statutes of that State.    The courts in Indiana hold that an assignment by copartners of their joint property for the benefit of partnership creditors will be valid,

although it does not embrace any of the individual property of any of the partners. (Blake v. Faulkner, 18 Ind., 47; Garner v. Frederick, Id., 507; Ex parte Hopkins, 104 Ind., 157.) There are other authorities to the same effect. (Bradley v. Bischell, 81 Ia., 80; Trumbo v. Hamel, 29 S. C., 520; Armstrong v. Hurst, 39 Id., 498; Blair v. Black, 31 Id., 346; Hutzler v. Phillips, 26 Id., 136; Johnston v. Dunn (N. J.), 29 Att., 364; Auley v. Osterman, 65 Wis., 118.) We think the weight of authority sustains the validity of the assignment.

POTTER, CHIEF JUSTICE.

The questions reserved by the district court for our decision arise in certain garnishment proceedings, upon a motion of the garnishee and the defendants for the discharge of the garnishee. Quoting from the record the motion is as follows: "On behalf of the garnishee and assignee of S. E. Mills & Co., as well as on behalf of S. E. Mills & Co., defendants in the original action, move the court that the garnishee be discharged in this proceeding, his answer disclosing that he has no property belonging to the individual members of the firm of S. E. Mills & Co., who are the judgment debtors in the original action; further, that his answer discloses that the property which he has in his possession is the property of S. E. Mills & Co.; that he holds the same under deed of assignment dated January 13, 1898, and that holding it as stated under said deed, it is not liable to garnishment proceedings at the instance of these garnishment creditors, and for the further reason that if the assignment be void the answer of the garnishee discloses that the property in his possession is in the custody of the Federal Court for the District of Wyoming, and this court has no jurisdiction over it either by mesne or final process."

The answer of the garnishee disclosed that he had certain moneys and merchandise which he held as assignee for the benefit of the creditors of the firm of S. E. Mills & Co., under a deed of assignment executed by the firm

and each member thereof January 13, 1898, conveying all the partnership property for the benefit of the partnership creditors. The title of the action would indicate, and it is to be assumed that the plaintiff is a creditor of the partnership. It also appears by the answer of the garnishee that he had previously been summoned as garnishee in the United States Court for this District in the suit of another partnership creditor and had not been discharged. The reserved questions are as follows:

First. Is a voluntary assignment for the benefit of creditors made by a partnership, including all of the firm property, void under the laws of this State because it is not made to include the individual property of the several members of such firm so assigning?

Second. Is a voluntary assignment made by a partnership for the benefit of creditors, void under the laws of this State, where it includes all of the property of the partnership, the individual property of the several members of the firm not being included in such assignment?

Third. Would a creditor of a partnership filing his claim with the assignee of such partnership, and participating in the distribution, thereby release the individual members of such firm and their property from all further liability for the payment of his claim or any balance there might be left after the application of the assets in the hands of the assignee of such partnership, in a case where the assignment of the partnership property did not include and was not accompanied by an assignment of the individual property of the several members of the firm?

Fourth. Can a judgment creditor having a judgment against the individuals of a firm on a firm debt attack the validity of an assignment for the benefit of creditors made by the partnership and including only partnership assets, such attack being based upon the proposition that the individual property is not included in the assignment?

Fifth. Where a voluntary assignment is made by a copartnership of its firm property only, and the assignee named in the deed of assignment takes the oath of office,

gives bond, enters upon the discharge of his duties, and files an inventory and appraisement and takes possession of the property assigned within the time provided by law, is such property in the custody of the law?

Sixth. Where an assignee, for the benefit of the creditors of a copartnership which assigns its copartnership property only, is garnished in the federal court by creditors of the copartnership, can he be garnished in the State court by other creditors of the copartnership while the garnishment proceedings are still pending in the federal court?

The first four questions involve practically the same inquiry; viz., whether, under the statutes of this State, a voluntary assignment for benefit of firm creditors by a partnership of all the partnership property is void for the failure to include or convey the separate property of the individual members of the partnership.

The statute authorizes "any debtor or debtors in embarrassed or failing circumstances" to make to one or more assignees "a general assignment of all his or their property, in trust for the benefit of his or their bona fide creditors." All such assignments are to be deemed fraudulent and void unless made as in the act provided. Insolvency occurs within the meaning of the act when the debtor is unable to pay his debts from his own means as they become due. Laws 1890, Ch. 51, Sec. 1.

It is required that the deed shall contain a full description of all the real estate assigned, and be accompanied by a schedule containing a particular enumeration and description of all personal property assigned; and that the assignor shall make oath that the indenture and schedule contains a statement of all the property, rights, and credits belonging to him, or of which he has any knowledge, and that he has not transferred or reserved any sum of money or article of property for his own use or for the benefit of any other person, and has not acknowledged a debt or confessed a judgment to any person for a greater sum than was justly owing or with the intention of delaying or defrauding his creditors. Sec. 2.

Preferences are forbidden except that the wages of employees of the assignor for three months prior to the assignment constitute preferred claims. Sec. 23, as amended by Ch. 15, Laws 1893. Section 28 of the act provides as follows:

"In all cases where the assignor complies with the provisions of this act, any creditor accepting from the assignee any dividend arising from the property of the assignor to which he is entitled under any assignment made under this act, shall release the assignor from all further liability on the claim or claims on which such payment may be made."

The effect of the statute is to exact releases of all further liability from the creditors accepting the benefits of the assignment. This result is one which the statute causes to follow the execution of an assignment. Downes v. Parshall, 3 Wyo., 425.

At common law, by the weight of authority, a stipulation in an assignment for the benefit of creditors for the release of the debtor is invalid and renders the assignment void. 3 Am. and Eng. Ency. L., 2d ed., p. 85, and cases cited. That view was adopted by the Supreme Court of the Territory in the case of Ware v. Wanless, 2 Wyo., 144, where the question was elaborately discussed by Mr. Justice Peck. The statute, however, has changed the rule in this State by not only permitting releases to be exacted, but absolutely requiring them of accepting creditors.

The decisions upon the question, independent of statute, are not uniform, and in some courts such stipulations are upheld; but in those courts the rule seems to be universal and well settled that when releases are exacted it is essential that the assignment convey all, or substantially all, of the assignor's property. 3 Am. and Eng. Ency. L., 2d ed., p. 86; Seaving v. Brinkerhoff, 5 Johns, Ch. 329; Wyles v. Beals, 1 Gray, 233; Thomas v. Jenks, 5 Rawle, 221; Hennessy v. The Western Bank, 6 W. & S., 300; In re Wilson, 4 Pa. St., 430; Fellows v. Greenleaf,

43 N. H., 421; Gordon v. Cannon, 18 Gratt., 414; Long v. Meriden Brittania Co., 94 Va., 594, 27 S. E., 499; Rankin v. Lodor, 21 Ala., 380; Rosenberg v. Moore, 11 Md., 376; Barnitz v. Rice, 14 Md., 24; Bridges v. Hindes, 16 Md., 101.

In Gordon v. Cannon, supra, the court of appeals of Virginia, by Moncure P. said: "In order to maintain the validity of such a deed, or at least that part of it which provides for the payment of debts on the terms of the execution of a release by the creditors, it is necessary that all, or substantially all, the debtor's estate should be conveyed by the deed."

Where no releases are required of creditors, an assignment by an insolvent partnership of all the firm property for the benefit of all the creditors of the firm is generally sustained. Auley v. Osterman, 65 Wis., 118; McFarland v. Bate, 45 Kan., 1; Blake v. Faulkner, 18 Ind., 47; Ex Parte Hopkins, 104 Ind., 157; Hubler v. Waterman, 33 Pa. St., 414; Wilson v. Sullivan (Utah), 53 Pac., 994; Cogill v. Botsford, 29 Conn., 439.

Such an assignment was upheld in Georgia, but the decision seems to have rested largely upon the peculiar language of the statute which in several places employed the words, "the person, firm, or corporation," making the assignment. Drucker v. Welhouse, 82 Ga., 129. And in Iowa where a partnership assignment of firm property was objected to as invalid because it was made for the benefit of firm creditors only, it was sustained, the court saying, "The assignment was of firm property, which must first be applied to firm debts. The provision of the instrument in this regard is simply in harmony with the law. If, after the firm debts are paid, a balance should remain, the law will provide proceedings wherein that balance may be paid to the creditors of the copartners, if there be any." Citing the Indiana and Wisconsin cases, supra. Bradley v. Bischel, 81 Ia., 80. No objections seem to have been offered in this case to the failure of the assignors to include individual property.

The assignment was probably questioned by an individual creditor, but the facts in that respect do not clearly appear.    On the other hand in Florida, although no question of a stipulation or statute providing for releases seems to have been involved, it was held that the evident purpose of the statute was to prohibit partial assignments, and that a deed of assignment made by a firm for the benefit of their creditors conveying nothing but the joint property, is a partial assignment only, and void under the statute which provided that no assignment should be valid except the same should provide for an equal distribution of all the assignor's property, except such as is exempted by law from forced sale, among the several creditors of the assignor, in equal proportions, according to their respective demands; and required the assignor to make oath that he has placed or assigned, and the true intention of the assignment was to place in the hands of the assignee all of his property of every description except such as is exempt by law from forced sale, to be divided among his creditors in proportion of their respective demands.    Williams v. Crocker, 18 So., 52; Sheppard v. Reeves, 21 So., 774.

We are referred by counsel for defendants to the decisions of South Carolina and New Jersey which, it is contended, maintain the validity of such an assignment when releases are required.    The first case is that of Trumbo v. Hamel, 29 S. C., 520.    In that case the deed of assignment was made by Charles Hamel and R. L. Farrell, doing business as Charles Hamel & Co.    It conveyed partnership property for the benefit of partnership creditors.    No mention was made in the assignment of any individual separate property of the members of the firm. The trust as to the payment of debts was expressed in the deed as follows:    " To pay and discharge in full, etc., if the residue of such proceeds is sufficient for that purpose (but if not, then ratably and in proportion without any preference whatever) the claims of all creditors of the said parties of the first part, who shall on a day

named accept in writing the terms of this assignment; and in consideration thereof execute a release of their claim against the said parties, etc.    And then and next to pay and discharge in full, with proper interest thereon, if the residue of such proceeds is sufficient (but ratably and in proportion if it be not sufficient), the claims of all and every other creditors of the said parties of the first part, without any priority or preference whatever.''

None of the creditors signed off, as the case states, but chose to take under the paragraph providing for all other creditors.    The court in its opinion stated that in strictness the assignment was to be considered more as a special and limited than as a general assignment, but said that '' a copartnership is a distinct entity, entirely separate from that of any of its members; and we know of no reason why it may not assign its property for the payment of its debts without including the individual property of the different partners.''    By reason of the two paragraphs in the deed relating respectively to creditors who should execute releases, and all others who should not, the court held that there was no compulsion upon the creditors to release; that an acceptance in that form was not made a condition to participation in the assets, but on the contrary the option was given to the creditors to come in, after the time indicated for releases, and take their proportionate shares without releasing anything. And the court by Mr. Justice Mc Gowan said, '' Under these circumstances, as it seems to us, it would be unauthorized to hold that this assignment properly construed, exacted releases as a condition of payment from accepting creditors.''    The main opinion was concurred in by the Chief Justice, and Mr. Justice Mc Iver wrote a concurring opinion in which he used the following language: '' I can very well understand that an assignment which provides only for such of the creditors as will accept the terms offered — the execution of releases — and, in the event of their refusal of such terms, not only deprives them of any participation in the assigned assets,

but provides, either expressly or by operation of law, that such assets shall revert to the assignor, may be regarded as an objectionable mode of coercing a creditor to accept any terms that his debtor may choose to offer. But where, as in this case, precisely the same terms are offered to all the creditors which, if declined by any one of them, does not defeat his right to enjoy any benefit under the assignment, but only deprives him of a preference which he could otherwise have obtained, it is not easy to understand how it can be said that any coercion is put upon the creditor by the debtor. There can be no doubt that in a general assignment of all the debtor's property, such provision as this assignment contains would have been perfectly legal and valid, even under the provisions of Section 2014, General Statutes, which was designed to limit the previously existing rule in regard to preferences; and I do not see why such provisions should invalidate a partial assignment when there is no intentional fraud, and where no facts are concealed from the creditors which are necessary to enable them to determine intelligently whether they will accept the terms offered, and where no benefits are reserved to the debtor. The omission from the assignment of the separate property of the individuals composing the firm could not operate to hinder, delay, or defeat the claims of the plaintiffs or any other non-accepting creditors; for so soon as they recovered their judgments, there was nothing to prevent them from proceeding to levy on and sell such property just as if no assignment had been made." The learned judge then discusses the question whether a partial assignment with preferences is void, and concludes that in South Carolina it is not. The statute of that State, as I am led to understand from the published acts of 1881–82, the General Statutes not being accessible, expressly permits a preference in favor of creditors who execute releases of their claims. I have quoted so much at length from the opinions in the case of Trumbo v. Hamel for the reason that the precise nature and effect of the decision seems

to have been misapprehended. The fact that the assignment was a partial one was admitted by the court, and the release clause being coupled with a provision for all non-releasing creditors was treated merely as a provision preferring the releasing creditors, which is expressly authorized by statute. The case does not seem to sustain the position of defendants as applied to the assignment in the case at bar. In the later case of Armstrong v. Hurst, 39 So. Carolina, 498, the assignment contained a provision similar to that in Trumbo v. Hamel; viz., preferring creditors executing releases "of their claims against Dacus & Jordan, and that the balance be distributed among the other creditors of said Dacus & Jordan pro rata without preference or priority." And the court followed the rule laid down in the preceding case.

Neither of these cases pretended to overrule the earlier case of Claflin v. Iseman, 23 S. C., 416, but Mr. Justice McGowan who wrote the opinion therein, as well as in Trumbo v. Hamel, in his opinion in the latter case distinguished it from the former by showing that in Claflin v. Iseman there was no provision made for non-releasing creditors. The assignment in Claflin v. Iseman provided for a return to the assignor, after payment of all such creditors who should execute a full release and acquittance of their respective debts. It was held void. It was not a partnership assignment; but the case emphasizes the proposition that the matter of releases was regarded by the court in the light only of preferences.

Argument is unnecessary to show the difference between the assignments in the South Carolina cases relied on by counsel and an assignment under our statute. The effect of the statute in this State may be to create a preference in favor of creditors who are willing to release. If so, it was held in Downes v. Parshall, supra, not to be invalidated thereby. But there is no provision made by the statute for those creditors who choose not to accept a dividend at the expense of releasing the assignor from further liability, nor does the assignment do so even if that were

permitted by law. Non-releasing creditors with us are denied participation absolutely. The residue after payment of creditors executing releases is returned to the assignor.

The New Jersey case to which we are referred is Johnston v. Dunn, 29 Atl., 361, which holds that an assignment of partnership property for the benefit of partnership creditors is not void for the exclusion of individual property. Counsel quotes the statute of that State which seems to forever bar accepting creditors from any future action at law or in equity; but the decision makes no mention of the statute, nor does it refer in any way to the release clause or provision; although one of the cases cited in the opinion makes the distinction between assignments which exact releases and those which do not. It is evident that the learned court for whose opinions we entertain profound respect, and which is universally esteemed for its learning and ability, did not bestow upon the point much investigation. In fact, the justice who wrote the opinion, in entering upon a consideration of this question, which was but one of a number involved, said: "After this long delay, and after the assignee has proceeded so far with the settlement of his accounts,— saying nothing about the other unfavorable conditions,— I do not feel it to be my duty to seriously consider whether or not the second proposition is sound." And he added, "On this head it will suffice to say that during all the very long period of time this case has been running, no authority has been offered which in anywise sustains the proposition. There are cases which sustain the contrary view;" and he cites the Kansas case, the South Carolina case of Trumbo v. Hamel, and the Iowa case, supra. It is insisted that the Indiana cases should control our decision, as our statute was taken from that State. It is sufficient, as to that matter, to say that our clause requiring releases is not present in the Indiana statute, and the statutes are therefore quite dissimilar in respect to the proposition now under consideration.

Not only is the doctrine usually maintained that when releases are exacted the assignment must cover at least substantially all of the debtor's property, but that principle is applied in a number of well-considered cases to the case of a partnership assignment, and is held to render such an assignment void if the separate property of the copartners be not also assigned.   The rule is elementary that a partner and his property are liable for the debts of the firm of which he is a member; and when the partners assign for the benefit of the firm creditors the partnership property only, and require such creditors in order to obtain the benefits of the assignment to release the assignors, it is held to violate the principle above alluded to which invalidates such an assignment unless all the debtor's property is embraced therein.   Gordon v. Cannon, 18 Gratt., 414; Long v. Meriden Brittania Co., 94 Va., 594 (27 S. E., 499); Wyles v. Beals, 1 Gray, 233; Fellows v. Greenleaf, 43 N. H., 421; Thomas v. Jenks, 5 Rawle, 221; Hennessy v. Bank, 6 Watts & S., 300; In re Wilson, 4 Pa. St., 430; May v. Walker, 35 Minn., 194; In re Allen, 41 Minn., 430; Farwell v. Brooks, 65 Minn., 184; Donoho v. Fish, 58 Tex., 164; Kennedy v. McKee, 142 U. S., 606; Citizens, Fire, Marine, & Life Ins. Co. v. Wallis, 23 Md., 173; Malcolm v. Hodges, 8 Md., 418; Simmons v. Curtis, 41 Me., 373; Swofford Bros. Dry Goods Co. v. Mills, 86 Fed., 556.

In addition to this array of authorities to which is opposed the single case in New Jersey, two of the decisions most frequently cited to sustain an assignment of firm property only expressly recognized the distinction which arises when creditors are required to release the debtor in order to participate.

The Wisconsin court in Auley v. Osterman, supra, used the following language: "In the absence of any requirement in the assignment that the creditors, upon availing themselves of the benefit of the assignment, shall release their entire claims against the assignors, there does not appear to be any reason for the holding the assignment of

a firm of the firm property only, for the benefit of the firm creditors, void. By such assignment, the creditors are presumed to get the benefit of the firm property in payment of their debts, and if the partners have individual property not assigned, such property remains liable to the payment of their debts, the same as though no assignment had been made.''

In Kansas, in the case of McFarland v. Bate, supra, it was said: '' It may now be considered to be established by the weight of authority that a partial assignment, which exacts releases from accepting creditors, and deprives them from access to the residue not assigned, is invalid.''

The discussion of the question in the Virginia cases above cited is interesting and instructive. In Gordon v. Cannon, supra, after referring to the general rule that to validate a deed which exacts releases, all the property of the assignor must be surrendered by it, we find the following statement applying the rule: '' In the case we have in hand, it plainly appears on the face of the deed that all of the partnership property of the grantors was conveyed, but not that all of their individual property was conveyed. In order to bring the case within the operation of the rule above referred to, it was necessary for the deed to convey all of the individual property of the grantors, as well as all of their social property.''

Chief Justice Shaw, in Wyles v. Beals, supra, in giving various reasons for holding such an assignment as we are considering to be void and repugnant to the insolvent laws, gave the following as one: '' It is inconsistent with the fundamental principle of the insolvent laws, that the debtor shall give no preferences to particular creditors, and that the whole of the debtor's property shall be equally distributed amongst all his creditors, and that upon these conditions only shall the debtor be released from his debts.''

In Thomas v. Jenks, supra, Chief Justice Gibson said: '' Now an assignment of partnership effects is a partial one wherever the debtor has separate property.''

In Hennessy v. Bank, supra, the Pennsylvania court also said: "But is an assignment, which stipulates for a release, valid without containing a transfer of the separate estate of each of the partners? And we are of the opinion it is not. The creditors have, under such circumstances, a right to require a transfer of all the property liable to their debts; otherwise they may refuse to release, without losing their recourse to the property of the debtor; for so far as regards the creditors who do not come into the terms prescribed by the deed, it remains, notwithstanding the assignment, the property of the debtor. It is unreasonable to require the creditor to release his debt, unless upon the unconditional surrender of the whole property of the debtor, whether it consist of partnership effects or of the separate individual property."

In Simmons v. Curtis, supra, the supreme judicial court of Maine stated the rule thus: "It is not sufficient for a copartnership to assign only the copartnership property. It must appear also that the private property of the individual partners, not exempt from attachment, which is liable for the partnership debts, is in some way embraced in the assignment." The assignment in this case was adjudged void by the United States Circuit Court for the District of Wyoming, and Judge Riner in his opinion said: "I think, under our statute, it must be held that an assignment to be valid must include all of the assignor's property; that is to say, the separate property of the individual members of the firm, as well as the firm property. The statute to my mind clearly contemplates that all of the property, real and personal, of the debtor making the assignment, except such as is exempt by law from forced sale, whether the same be partnership property, or property owned by each partner in his own individual right, shall pass by the assignment, to make it a valid assignment." Swofford Bros. D. G. Co. v. Mills, supra.

18

Our statute seems to contemplate a general rather than a partial assignment. All the property of the debtor is authorized to be assigned.

We think, then, both upon reason and authority, that where by the terms of an assignment by a partnership for the benefit of creditors, or pursuant to statute, all creditors accepting dividends are required to release the assignors from further liability, the assignment to be valid must embrace the separate property of the individual partners as well as all the firm property. This rule does not disregard the equitable principle which distributes partnership property first to partnership creditors and separate property first to separate creditors. In the course of the administration of the insolvent estate the proceeds of the separate classes of property can be so applied as to preserve that principle. This is clearly shown by the authorities already referred to.

The question, therefore, finally depends upon the construction to be accorded to the provisions of Section 28, requiring the creditor to release the assignor from further liability. It is suggested by counsel that under this assignment such release would discharge the firm as such, and the firm property only, and would not operate to prevent the recourse of the creditor to the separate property of the partners.

Although in some of the cases above cited the release required was of the firm or of the grantors, none of the courts seemed to have observed such a distinction; and we find ourselves unable to give to the required release such a confined interpretation. The assignor is to be released from all further liability. This assignment is signed by all the copartners as well as in the firm name. Each partner is an assignor. Beyond that, however, we are of the opinion that a release of the firm without conditions, such as the statute clearly requires, will operate to discharge the individual partners. The only practical effect which a release in case of a partnership assignment and have is to discharge the partners. All of the firm

property is to be distributed; and the firm, according to the general rule, is dissolved upon the making of a valid assignment of all its property for the benefit of creditors. 2 Bates on Part., Sec. 583, and cases cited in n. 3, bottom page 615.

An unconditional release from a firm obligation of one member of a firm will discharge all the copartners by the application of the general rule, both in law and equity, that a release of one joint debtor from liability releases all. 1 Bates on Part., 385. If, in releasing one partner a claim is expressly reserved against the other, the latter is not discharged from liability for whatever remains due. Id., 386. In the statute, however, which in this respect controls the assignment and constitutes one of the conditions thereof, there is not found any provision for a conditional release, or for one with reservations.

We ought not to pass without comment the somewhat forceful suggestion of counsel that it is unreasonable to require one partner of large means to convey his individual property in an assignment by the firm of which he may be a member when such firm is insolvent. In the first place it is a requirement of the statute. Further than that such a partner can, if he desires to avoid an assignment, use his individual means to satisfy enough claims of the firm to prevent the necessity of a firm assignment. He might be obliged to do so in the end if the partnership should assign its effects and they prove insufficient to pay the debts. He is liable for the firm's obligations, and they might be made out of his property. It is therefore hardly entitled to be called unreasonable to compel him to liquidate them, or if he does not choose to do so, to surrender his property with that of the insolvent firm when the latter assigns for creditors. It would be clearly a greater hardship and much more unreasonable to take from the creditors all recourse against his separate effects, if they participate in the firm assets.

For the reasons given we are of opinion that the an-

swer to the first, second, third, and fourth questions must as to each one be in the affirmative.

Upon the fifth question, we hold that if the assignment is void, it confers no right upon the assignee as against attacking creditors; and the property can not be considered as in the custody of the law so as to prevent an attachment, or its sequestration by legal process at the suit of and to satisfy creditors. Its position is the same as if no assignment had been made. We answer the question, therefore, in the negative.

Our decision upon the sixth question is that it must be answered in the affirmative, but with certain qualifications affecting the result of the garnishment. To the extent that the property or fund may be held in the suit in the federal court wherein the assignee was first summoned as garnishee, it can not, of course, be taken under the subsequent proceedings in the State court. Should the assignee be held in the first suit and under the first garnishment for any part of the money or property in his possession, it is only the surplus, if any, which may remain in his hands after satisfying the orders in such suit and under such garnishment, which shall be subject to the subsequent proceedings in the State court. The proper action in such case seems to be the suspension of the proceedings, after answer and disclosure, until the liability of the garnishee in the prior proceedings is finally ascertained and determined by the court wherein they are pending. See Finch v. Bank, 65 Ill. App., 337.

It should be remarked that counsel for defendants do not discuss either the fifth or sixth questions in their brief, and the case was not orally argued. We assume, therefore, that a different conclusion than that arrived at with reference to those questions is not seriously contended for.

Corn, J., and Knight, J., concur.