CHARLES MAYNARD, RESPONDENT, v. LOCOMO-
TIVE ENGINEERS' MUTUAL LIFE AND ACCI-
DENT INSURANCE ASSOCIATION, APPELLANT.

MUTUAL BENEFIT INSURANCE—BY-LAWS—FINDINGS—JUDGMENT.

1. M. was a member of the defendant association, and re-
ceived an injury in June, 1893, which resulted in the
loss of the sight of his right eye. One of the objects of the
association is to transact the business of life and accident
insurance. M. brought suit to recover on two of its poli-
cies, basing his action on a by-law which provides that
"any member, while engaged in any lawful vocation, re-
ceiving any bodily injuries which will alone cause  *  *  *
the total and permanent loss of one or both eyes, he shall
receive the whole amount of his policy." This by-law was
adopted on May 26, 1894, after M. received his injury.
*Held*, that the by-law is not by its terms retroactive, and,
considered by itself, does not include a case where the
injury which caused the loss of eyesight occurred prior
to its passage; there being no reference in the pleadings
to any other by-law which would authorize the infer-
ence that the one in question was to apply to such a case.
*Held*, further, that the finding of the court that another
by-law was in existence, when there was no reference
to it in the pleadings, was a finding of fact outside of any
issue, and that such findings cannot be considered,
although, if the by-law had been properly pleaded, it would
have an important bearing in the determination of the
case.

2. Where a fact is found outside of any issue, it is nugatory
and of no effect, and cannot be considered as supporting
the judgment.

3. A finding of fact on a material issue should be express and
distinct, whether it be as to an issue made by the denial

of an allegation in the complaint, or by a denial presumed by law of an averment in the answer.

4. When the facts are found, it must affirmatively appear therefrom that they support the judgment, or else the judgment will be subject to attack on appeal.

(No. 754.   Decided March 8, 1897.)

Appeal from the Second district court, Weber county. Hon. H. H. Rolapp, *Judge.*

Action by Charles Maynard against the Locomotive Engineers' Mutual Life and Accident Insurance Company for an injury sustained in the loss of an eye. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Richards & Macmillan* and *Arthur E. Pratt,* for appellant.

*H. H. Henderson,* for respondent.

BARTCH, J.:

The plaintiff was a member of the defendant corporation, and brought this action to recover the sum of $3,000, on two certificates of membership, in the nature of insurance policies, each for $1,500, for the permanent loss of the eyesight of his right eye, caused by an injury received in the pursuit of a lawful vocation. The cause was tried by the court without a jury, judgment entered in favor of the plaintiff, a new trial refused, and thereupon the defendant appealed.

The only assignment of error which we deem it necessary to consider in this case is the one to the effect that the judgment of the court is not supported by the findings of fact. The court found that the defendant was incorporated on March 1, 1894; that, for a period of 25 years prior to that time, it had existed as an unincorporated voluntary association; that when it became incorporated it

took all the property and assumed all the liabilities of the voluntary association; that its object at all times has been to transact the business of life and accident insurance on the assessment plan, for the purpose of mutual protection and relief to its members, and the payment of stipulated sums of money to the families, heirs, executors, administrators, or assigns of its members; that the plaintiff received the injury which caused the loss of his right eye in June, 1893; that the "loss of said right eye did not become permanent for about ten .or twelve months after June, 1893;" and that the by-law of the association on which the plaintiff founded his cause of action was adopted and took effect on the 26th of May, 1894. That by-law, so far as material here, reads as follows: "Any member, while engaged in any lawful vocation, receiving bodily injuries which will alone cause * * * the total and permanent loss of one or both eyes, he shall receive the whole amount of his policy." This is not by its terms retroactive, but prospective merely, and, considered by itself, does not include and provide for a case like the one at bar, where the injury which caused the loss of eyesight occurred prior to its passage. In form, it is present and future, and does not refer or apply to past occurrences. Whether or not there are other by-laws of the association, adopted either before or after the plaintiff received his injury, which would show that the one under consideration was intended to have a retroactive effect, we are unable to determine, in the absence of reference in the complaint to any such by-laws. Nor is there anything in the abstract or transcript, which we can legitimately consider, that authorizes the inference that the by-law in question was intended to apply to cases where the injury was received before its adoption. It is true, the court found that previous to its

incorporation the defendant had a by-law as follows: "Any member, while engaged in a lawful vocation, receiving bodily injuries which alone shall cause the amputation of a limb, whole hand or foot, or total and permanent loss of eyesight, he shall receive the full amount of his policy." This, however, is a fact found outside of any issue raised in the pleadings; for nowhere in the complaint or answer does there appear any reference to such a by-law, nor is its existence shown anywhere in the transcript or abstract, except in the findings of fact. A fact found outside of any issue cannot be considered as supporting the judgment, because facts not in issue need not be found, and, if found, the finding is nugatory and without effect. It may be that the voluntary association had at the time of the plaintiff's injury such a by-law as the one last above quoted, and, if such should be the fact, and the by-law had been properly pleaded, it would doubtless have an important bearing in the determination of this case; but the manner in which it appears in the record precludes its consideration for any purpose, and therefore we cannot read it, in connection with that of May 26, 1894, to ascertain whether the respondent has a right to recover. Under the pleadings as they appear in the record, the respondent's right to recover is based on the by-law of May 26, 1894, which, as we have seen, is not by its terms retroactive; and the court having found that the injury was received prior to its passage, it is clear that such finding does not support the judgment. Nor does it avail the respondent that the court found that the loss of eyesight did not become permanent "for about ten or twelve months after June, 1893." Such finding leaves the fact as to the date of the loss of sight in doubt, and this would become a material issue if it were to transpire that the date of injury was immaterial,

because, if the loss of sight occurred 10 months after June, 1893, it occurred before the passage of the by-law, and, if the loss occurred 12 months after that date, then it was after its passage. A finding on a material issue should be express and distinct, whether it be as to an issue made by the denial of an allegation in the complaint, or by a denial presumed by law of an averment in the answer. The facts are found for the purpose of disposing of the issues, and, when found, it must affirmatively appear that they support the judgment, or else the judgment will be subject to attack on appeal. Haynes, New Trials & App. § 242; *Railroad Co.* v. *Reynolds*, 50 Cal. 90; *Harlan* v. *Ely*, 55 Cal. 340; *Campbell* v. *Buckman*, 49 Cal. 362; *Johnson* v. *Squires*, 53 Cal. 37; *Elliott* v. *Peck*, Id. 85.

While it is evident that the findings of fact do not support the judgment, and that it cannot stand, still we are not satisfied that the respondent cannot ultimately recover the amount of his policies, if the complaint be carefully revised by amendment so as to present the issues suggested by the record in a proper manner. The cause is therefore reversed and remanded, with directions to the court below to grant a new trial and permit the parties to amend their pleadings, if they so desire.

ZANE, C. J., and MINER, J., concur.