R. G. WILSON, Respondent, *v.* JOHN T. SULLIVAN, Appellant.

1. *Assignment for Benefit of Creditors—Conversion—When Causes of Action May Be Joined.*

   Plaintiff was assignee of property belonging to S. & Co., and in a complaint, against defendant, alleges that defendant, as sheriff of Juab county, with notice of plaintiff's rights therein, broke into the store containing the goods assigned, and levied a writ of attachment upon the contents of said store (said writ having been issued in a suit of P. against S. & Co.), and continued to hold the property under the writ; that the writ was dissolved, by order of the court, as improperly issued; that defendant continued to hold, wrongfully, the possession of said property, until a judgment was obtained in the suit of P. against S. & Co., when said defendant levied an execution issued on the judgment, and converted to his own use, as sheriff, the greater part of said property; that, while defendant was in possession of said property, he injured and damaged it, —and alleges damages for wrongfully holding the store, and for injuries to the goods and building, and for withholding accounts assigned, so that they became worthless. *Held,* on demurrer, that as the subject-matter was for a tort arising out of certain wrongful, continuous, official acts, the several causes of action are properly joined, and the complaint reaches substantial rights without resorting to a needless multiplicity of actions.

2. *Assignment of Partnership Property—Includes Right to Proceed Against Individual Property.*

   The right of a partnership to assign the firm's assets without including the individual property of each partner, under sections 2471 and 2472, includes the right of the creditor to proceed against the individual property of the parties composing the partnership, when the partnership property shall prove insufficient to pay the firm debts, and is reconcilable with the provisions of section 2470, Comp. Laws Utah 1888.

3 *Assignment—Words That Will Convey a Fee Simple Interest in Land.*

A deed of assignment of realty, containing the words; "grant, bargain, sell, convey, assign, and deliver to the party of the second part," is sufficient to convey a fee-simple interest, under section 1981, Rev. St. (Sess. Laws 1890, p. 88,) without the use of words of inheritance, such as "heirs," etc.

4. *Id—Power of Attorney Not Necessary to Collect—Choses in Action.*

The assignment of choses in action clothes the assignee with all the rights of the assignor; and he may collect debts, and give remittances, even though the deed of assignment contains no power of attorney.

5. *Id—When Partnership Signature is Not Necessary*

Where partners execute a deed of assignment, and are described therein as comprising the firm, and each of the copartners executes the deed by signing and acknowledging the same, it is not necessary that the assignment be signed by the partnership name.

6. *Evidence—Fraud—Necessary Allegations in the Answer—Pleading Fraud.*

Allegations in an answer that an assignment was made with intent to delay, hinder, and defraud creditors, and was void and of no effect, are insufficient for the introduction of evidence tending to prove fraud, which, when relied upon as a defense, must be specifically pleaded in an answer, as well as in a complaint, by setting forth the facts and circumstances relied upon, in order that the party charged may be prepared to meet the allegations, and the court may know that there is such fraud as will avail the pleader.

7. *Damages—Interest—Allegations of Conversion Necessary.*

It was error to allow interest on goods returned to the plaintiff, after damages had been allowed for their injury and depreciation, and when no conversion thereof had been alleged.

(No. 896.   Decided June 11, 1898.)

Appeal from district court, Fifth district; E. V. Higgins, *Judge.*

Action by R. G. Wilson against John T. Sullivan for conversion. Plaintiff had judgment, and defendant appeals. *Modified.*

*Moyle, Zane & Costigan,* for appellant:

It has been held that an assignment by a firm which contains preferences or exacts releases, must assign all the individual as well as partnership property. *Insurance Co.* v. *Wallis,* 23 Md. 173; *Henderson* v. *Bliss,* 8 Ind. 100; *In re Allen,* 41 Minn. 430; *Thomas* v. *Jenks,* 5 Rawle 221; *Leaving* v. *Brinkerhoff,* 5 Johns chp. 329; *McFarland* v. *Bate,* 25 Pac. Rep. 238. See *Stanford* v. *Lockwood,* 95 N. Y. 582; *Spencer* v. *Jackson,* 2 R. I. 35; see also *Maughlin* v. v. *Tyler,* 47 Md. 545; Bishop on Insolvency, p. 287, sec. 237.

Chief Justice Marshall says (5 Cranch, 351): "Fraud consists in intention, and that intention is a fact which ought to have been averred, for it is the gist of the plea and would have been traversable."

Intent is a fact to be proven like any other fact. *Edgington* v. *Fitzmaurice,* 55 L. J. Rep. Ch. 650.

A witness may be asked his intent as a fact. *Barnhart* v. *Fulkerth,* 93 Cal. 497; *Delano* v. *Goodwin,* 48 N. H. 203; 22 Cent. Law Journal 271.

*Dey & Street* and *W. H. Bransel,* for respondent:

In case of an assignment for creditors the assignor can be asked as a fact whether he had the intent to defraud. *Seymour* v. *Wilson,* 14 N. Y. 567; *Watkins* v. *Wallace,* 19 Mich. 57.

Intent is always a question of fact. *Miller* v. *Stewart,* 24 Cal. 502; *Bull* v. *Bray,* 89 Cal. 302, 303; *Billings* v. *Billings,* 2 Cal. 107.

Finally the averment of the statutory intent is sufficient. *Hagar* v. *Shindler*, 29 Cal. 60; *Judson* v. *Lyford*, 84 Cal. 508; *In re Patton*, 42 Pac. Rep. 459; *Therkel* v. *Scott*, 34 Pac. Rep. 851; *Cone* v. *Ivinson*, 33 Pac. Rep. 31; *McKenna* v. *Crowley*, 11 Atl. 354; *Riley* v. *Carter*, 35 Am. St. Rep. 443.

Even under common law pleading in a case like this the plaintiff need not resort to separate action in trespass, trover, etc., to redress his wrongs. By bringing his "action on the case" for breach of official duty he could occupy the vantage ground of recovering all damages flowing from the official acts complained of in a single trial upon a declaration showing the official acts and pleading the separate items of damage arising therefrom. 26 Am. & Eng. Encyc. Law, pp. 699–704; *Van Dresor* v. *King*, 34 Penn. St. 201; *Brown* v. *Jarvis*, I. Meeson & W. 704; *Williams* v. *Wostyn*, 4 Meeson & W. 145; *Aireton* v. *Davis*, 9 Bingham 741; S. C. 23, E. C. L. 784; *Wintle* v. *Freeman*, II Ad & El. 539 S. C. 39, E. & L. 294; Pomeroy Code Remedies, sec. 20.

The validity of a general or partial assignment with preferences, depends wholly upon the statute regulating assignments, and it is conclusively settled that unless prohibited by statute, partial assignments with preferences may be made, leaving the unassigned residue open to the claim of creditors. Burrill on Assnts. (5th Ed.) sec. 164 and cases cited in note; *Grover* v. *Wakerman*, II Wend. 187; *Wilson* v. *Forsyth*, 22 Barb. 105, 122–7; 1 Am. Lead. Cases, (Hare & W. notes) Ed. 1857, p. 65; *Estabrook Wessersmith*, 18 Wis. 545, 550.

Upon the same principle the assignment of partnership property for the benefit of creditors is not invalid by reason of the individual property not being assigned. *Johnston* v. *Dunn*, N. J. Eq. 29 Atl. Rep. 361; *Auleg* v. *Oster-*

*man,* 65 Wis. 118; *Trumbo* v. *Hamel,* 29 S. Car. 520; *Blair* v. *Black,* 31 S. Car. 364; *Blake* v. *Faulkner,* 18 Ind. 47; *Ex parte Hopkins,* 104 Ind. 157; *Bradly* v. *Bischel,* (Ia.) 46 N. W. Rep. 755.

I. In every one of the following cases, it is held that the very formula of words used in the answer of defendant and above quoted, pleads a mere legal conclusion, presents no issue and does not justify the admission of evidence of fraud. *Eaton* v. *Metz,* 40 Pac. 947; *Gleason* v. *Wilson,* 29 Pac. 698; *Seeleman* v. *Hoagland,* 34 Pac. 995; *Coal Co.* v. *Hazard Powder Co ,* 19 So. 185; *West Coast Grocery Co.* v. *Stinson,* 43 Pac. 35; *Heintz* v. *White,* 17 So. 185; *Curran* v. *Olmstead,* 14 So. 398; *Loncheim* v. *Bank,* 13 So. 374; *Albertoli* v. *Branham,* 80 Cal. 631; *Meeker* v. *Harris,* 19 Cal. 278.

The instruction complained of is correct. The defendant was properly chargeable with the whole value of the goods at the date of conversion, with interest from said date. If plaintiff saw fit to credit him with the goods returned, less damage thereon, and to claim only the damage and interest thereon, this was a very favorable concession to the defendant. Sutherland on Damages, (1st Ed.) 239–240; *Tenny* v. *Bank,* 20 Wis. 161; 3 Sutherland Damages, (1st Ed.) 487, 489.

MINER, J.:

It appears from the complaint: That in August, 1896, W. F. Schriver and Hannah Tucker were co-partners doing a general mercantile business at Eureka under the firm name and style of W. F. Schriver & Co. On the 20th day of August, 1896, Schriver & Co. made a general assignment of all their property, for the benefit of their creditors, to plaintiff, R. G. Wilson, as trustee. Wilson immediately took possession of the assigned property,

consisting of a store building, with a large quantity of merchandise and other property. On the 25th day of August, defendant, Sullivan, as sheriff of Juab county, with notice of plaintiff's rights therein, broke into said store, and levied a writ of attachment upon said store and contents, issued in a suit of Parsons against Schriver & Co., and continued to hold possession of said property under said writ. On November 2, 1896, said writ of attachment was dissolved and discharged by order of court, as having been improperly issued. Thereafter defendant wrongfully continued to hold possession of said property until judgment was obtained in the suit of Parsons against Schriver & Co., when said defendant levied an execution issued on said judgment upon said property, and sold and converted to his own use, as such sheriff, the greater part of said goods, to satisfy said execution, amounting to $5,212.88, and the remainder of said goods were afterwards returned by said defendant to the plaintiff, as assignee, in a damaged and worthless condition. That while said sheriff had possession of said goods he damaged and injured them, and they were depreciated in value to the amount of over $1,000. Plaintiff claims damages for the wrongful withholding of the possession of the store building, and for injuries to the glass in the building while so occupied by him, and for detaining books of account, bills receivable, and accounts assigned for so long a time that the debtors became insolvent, and collections thereon lost, for which specific damages were claimed, and that said sheriff failed to perform his duty as such, to the total damages of plaintiff amounting to over $6,000.

The defendant filed his demurrer to said complaint, and, among other grounds, alleged that the several causes of action are improperly joined, and not separately stated.

It is plain that the subject-matter of the action was for a tort arising out of certain wrongful, continuous, official acts of the defendant as sheriff, whereby the rights of the plaintiffs were injuriously affeoted. The wrongful acts. are set forth with some particularity, and the damages resulting therefrom are separately stated as arising from a breach of official duty. These acts are all connected,. as being one continuous, tortious act, and all arising out of the same kind of action, and connected with the same subject of action, and are stated in ordinary and concise language. In serving a writ of attachment which directs the taking of property of a particular person, an officer acts officially. In taking the property of a person not named in the writ, the sheriff was guilty of a breach of official duty, and such act was wrongful, although it was. an attempt to perform an official duty. When an officer acts thus wrongfully, the act is official, and he is liable. for such wrongful act. Counting as the complaint does upon official acts resulting in injury to the plaintiff simplifies the procedure, without violating its rules, and reaches substantial rights, without resorting to a multiplicity of suits for their redress. The demurrer was properly overruled. Rev. St. Utah, §§ 2960, 2961; *Lammon* v. *Feusier*, 111 U. S. 18; *Stevens* v. *Tuite*, 104 Mass. 304;. *Irrigation Co.* v. *McIntyre*, 16 Utah 398; 5 Enc. Pl. & Prac. 719; *Frizzell* v. *Duffer*, (Ark.) 25 S. W. 1111; *Razzo* v. *Varni*, 81 Cal. 289; Pom. Code Rem. § 20; *De La Guerra* v. *Newhall*, 53 Cal. 141; *Funk* v. *Funk*, 35 Mo. App. 246;. *Jones* v. *Smith*, 8 Johns. 383.

Plaintiff assigns error in allowing the deed of assignment to be introduced in evidence, for the reasons: (1) It does not assign individual property of the partners; (2) it only conveys a life estate in the real property assigned; (3) it contains no power of attorney to make col-

lections, or give receipts or acquittances; (4) it is not executed by Schriver & Co., or in their behalf.

The deed of assignment purports to transfer to the assignee all the real and personal property of the firm, for the benefit of all the creditors of the partnership. With reference to the first objection, to the effect that the individual property of the partners is not assignable, reference may be had to the statute. Section 2471, Comp. Laws Utah 1888, provides, "that the assignment of any partner in trade made to secure or satisfy any creditor, shall be deemed valid in law." Section 2472, provides, "This act shall not be so construed as to authorize the assignment of any of the effects of such co-partnership to satisfy the individual claim of any of the parties, or other than such debts as are incurred for the effects or proceeds thereof thus assigned." This right of a partnership to assign firm assets without including the individual property of each partner has been questioned by some courts where the statute is silent upon the subject; but more recent decisions generally concur in holding such assignments valid with the right of a creditor to proceed against the individual property of the partnership. This view is now well established, and is entirely reconcilable with the provisions of section 2470, Comp. Laws Utah 1888, which provides "that the private property of persons engaged in co-partnerships shall be held liable for the debts of the firm, when the partnership property shall prove insufficient to pay them." Burrill Assignm. (6th Ed.) § 47; Bump. Fraud. Conv. (4th Ed.) p. 369; *Bradley* v. *Bischel,* 81 Iowa 80; *McFarland* v. *Bate,* 45 Kan. 1; *Ex parte Hopkins,* 104 Ind. 157; *Auley* v. *Osterman,* 65 Wis. 118; *Drucker* v. *Wellhouse,* 82 Ga. 129; *Harris* v. *Fisscher,* 57 Ga. 229.

The second contention of appellant is that the deed of assignment only conveys a life estate in the real property

assigned, and that words of inheritance, such as "heirs," etc., are improperly left out of the assignment. The deed of assignment contains the words, "grant, bargain, sell, convey, assign, and deliver to the party of the second part." This objection is sufficiently answered by section 1981, Rev. St. (Sess. Laws 1890, p. 88), which, in prescribing the form of a warranty deed of conveyance, uses the words "grant and convey," and provides that such deed shall convey in fee simple to the grantee, his heirs and assigns, a title to the premises named therein, and that such conveyance shall include the usual covenants of seisin and warranty, more specifically recited in the act.

The third objection, that the deed of assignment contains no power of attorney to collect debts and give acquittances, is equally untenable. The deed assigns all notes, accounts, and credits of the firm to the assignee in trust. The assignment of choses in action clothes such assignee with all the rights of the assignor, whether legal or equitable, to collect a debt and give acquittances for the same, and such rights under the assignment will be protected against all persons having notice of the assignment. 2 Am. & Eng. Enc. Law, 1088.

Appellant's fourth contention, that the deed of assignment is not signed by Schriver & Co. or in their behalf, is also untenable. The two partners executing the deed are described therein as comprising the firm of Schriver & Co., and each of such co-partners executed the deed by signing and acknowledging the same. This was clearly sufficient. Comp. Laws Utah 1888 § 2471; Burrill Assignm. (6th Ed.) §47; *Bank* v. *Hackett,* 61 Wis. 335. The defendant in his answer alleged that: ' "On said 20th day of August, 1896, said W. F. Schriver and Hannah C. Tucker attempted to assign or convey in writing to said plaintiff the property mentioned in said complaint; but

that said conveyance or assignment in writing was made with intent to delay, hinder, and defraud the creditors of said W. F. Schriver and of said Hannah C. Tucker of their lawful debts and demands, and particularly the Arthur Parsons hereinafter mentioned, and was void and of no effect as against such creditors and each of them." Under this allegation the defendant offered certain testimony tending to show fraud on the part of the assignors, and knowledge on the part of the assignees. The testimony was rejected: (1) Because no fraud is set up in the pleadings, or pleaded in the answer; (2) because the answer contained no allegation connecting the plaintiff with fraud, or knowledge on notice thereof; (3) because the answer contained no allegation showing that defendant was defrauded or in any wise injured by the assignment, and that the answer only pleads a legal conclusion. The appellant, in his answer, charges no fraud or knowledge of fraud on the part of the plaintiff, nor are the particular acts constituting the specific ground of fraud on the part of the plaintiff or the assignors alleged, nor is it charged that either the attaching creditors or the defendant was injured by any such fraud. Fraud, when relied upon as a defense, must be specifically pleaded in an answer, as well as in a complaint; and the facts and circumstances relied upon should be set out, in order that the court may know whether there was such fraud as will be of avail to the pleader, and also that the party charged with fraud may know the nature of the charge, and be prepared to meet it. The allegation referred to amounts to a legal conclusion as constituting fraud, and presents no issue of fact, as it does not set forth the specific fact which constituted the alleged fraud, nor is it charged that the plaintiff participated in, or had any knowledge of, any fraud. We are of the opinion that the evidence offered

was properly excluded. *Voorhees* v. *Fisher*, 9 Utah 303; Bliss Code Pl. §§ 211–339; 2 Estee, Pl. & Prac. 2748; Boone, Code Pl. § 148; *Eaton* v. *Metz*, (Cal.) 40 Pac. 947; *Gleason* v. *Wilson*, (Kan. Sup.) 29 Pac. 698; *Coal City C. & C. Co.* v. *Hazard Powder Co.*, (Ala.) 19 South. 185; *West Coast* v. *Stinson*, (Wash.) 43 Pac. 35; *Albertoli* v. *Vranham*, 80 Cal. 631; *Meeker* v. *Harris*, 19 Cal. 279; Daniel Neg. Inst. § 770; *Pettit* v. *Parsons*, 9 Utah 223; *Kain* v. *Larkin*, 131 N. Y. 300; Bump. Fraud. Conv. (4th Ed.) §§ 560, 337; 9 Enc. Pl. & Prac. 686, 687.

Under instructions from the court, the jury allowed interest on goods returned to the plaintiff, from August to December 15, 1896, amounting to $9.13, after damages had been allowed, for their injury and depreciation in value, when no conversion thereof had been alleged. This was error, and the sum of $9.15, allowed as interest, should be remitted and deducted from the judgment. We find no reversible error in the record. The cause is remanded, with instructions to the trial court to modify the judgment by striking out and remitting therefrom the sum of $9.15, erroneously allowed as interest, hereinbefore referred to; and, as so modified, it is ordered that such judgment stand affirmed.

ZANE, C. J., and BARTCH, J., concur.