JAMES MULDOON, J. J. KELLY, AND JAMES CLARK, Appellants, v. WILLIAM BROWN, WM. JEWELL, JOSEPH ARCADA, AND H. W. TURNER, Respondents.

Protest and Adverse Suit—Evidence—Statements—Of One Plaintiff—In Absence' of Others—Inadmissible To Bind Absentees—Fraud—Relied on as Defense—Must Be Pleaded—Antedating Notice of Location.

*Protest and Adverse Suit—Evidence—Statements—Of One Plaintiff in Absence of Others Inadmissible to Bind Absentees.*

In an action to determine ownership and right to possession of certain mining ground, evidence of statements, of one of several plaintiffs, as to the antedating, by him, of the location notice, made in the absence of his co-plaintiffs, and not concurred in by them, is hearsay and inadmissible to bind them.

*Fraud—Relied on as Defence—Must Be Pleaded.*

Fraud when relied upon as a defense, must be specifically pleaded in an answer as well as in a complaint; and where fraud in making a mining location is not charged in the answer, evidence of admissions and declarations of the locator, in relation to such location, tending to show fraud on his part, is inadmissible.[1]

*Antedating Notice of Location.*

Where a locator of a mining claim on government land fraudulently antedates his notice of location for the purpose of defeating an actual locator thereon, such location is fraudulent

---

[1] *Wilson* v. *Sullivan*, 17 Utah, 341, cited.

as against such rightful claimant, and is also fraudulent as against the government.

The date of the location required to be given in the notice means the correct date, and not a fictitious or fraudulent date.

(Decided December 1, 1899.   Rehearing denied December, 19 1899.)

Appeal from the Fifth District Court, Juab County, Hon. E. V. Higgins, *Judge.*

Action on a protest and adverse claim to determine the ownership and right of possession of certain mining ground.   From a judgment for defendants, plaintiffs appealed.   *Reversed.*

*W. C. Hall, Esq.,* for appellants.

A bill for relief on the ground of fraud must be specific in stating facts which constitute the fraud; it is not sufficient to charge fraud in general terms.   Without the averment of such facts the expressions " fraudulently," " deceitfully," " by mistake," will not bring the case within the equitable jurisdiction even on a demurrer to the bill.   Section on 2748, Vol. 2, Estes Plea., Pom.; Section 211 Bliss Code Plead.   No estoppel for fraud is pleaded in this action.

*H. L. Pickett, Esq.,* for respondents.

Miner, J.

In 1898 respondents filed an application for a United States patent to the Gold Haven Lode Mining Claim in State Line Mining District, Iron County, Utah.   Appellants thereafter filed their adverse claim and protest to said application for a patent as owners of the Blackbird mining

claim in said district, and commenced this action to determine the ownership and right of possession to the premises in question, claiming a conflict area between said mining claims, and asked for a determination of the right of patent to said conflicting area.

The Gold Haven claim covers a large part of the Blackbird claim. Appellants, plaintiffs below, claim that the Blackbird claim was located by the appellants on the 28th day of April, 1896, and was recorded on the 14th day of May, 1896. The Gold Haven mining claim was located on the 15th and recorded on the 16th day of May, 1896, by William Jewell, Wm. Brown, and Joseph Arcada, and who transferred his interest to defendant Turner.

Defendants made their discovery, and built their monument on the south end of their claim on May 15, 1896, and before proceeding further they discovered the monument and notice of the Blackbird claim, and thereafter called upon one of the plaintiffs to stake his claim so they could place their stakes properly. This said plaintiff declined to do, and the defendants thereafter continued the staking of their claim.

It appears that plaintiffs' location notice of the Blackbird claim was dated April 28, 1896, and while the testimony is very conflicting and unsatisfactory, it also appears by defendants' testimony that this notice was posted on the 13th day of May, but was dated back to the 28th day April, 1896, for the purpose of defeating the claim of one Thompson, who seems to have had some interest in the ground.

On the trial of the case, the court, under objection, admitted the testimony of William Jewell, a witness for the defendants, to the effect that plaintiff Clark told him that Kelly had informed him that he located the Blackbird claim on the 13th day of May, 1896, but had dated

the location notice back to the 28th day of April, 1896, in order to beat Thompson out of the prior location.

The testimony of Mr. Brown, a witness for the defendant, was admitted, under objection, to the effect that plaintiff Clark had told him the date of the location notice was dated back to April 28, to beat Thompson.

A motion was afterward made to strike out this testimony, which motion was denied.

The testimony of Higbee, another witness for the defendants, was admitted, as to the statements of Clark and Kelley concerning the dating back of the location notice.

It was objected that such testimony could not bind the other parties plaintiff; that as against such parties the testimony was wholly incompetent, and that the statements of Clark as to what was told to him by Kelly, were hearsay and incompetent, and could not bind Muldoon.

It is also urged that no allegation of fraud in the location of the Blackbird claim, or of estoppel, is alleged in the complaint.

It appears from the decision of the court that the testimony in question was considered by it in the determination of the case. Such testimony doubtless had much weight with the trial court in arriving at its decision.

We are satisfied that the admission of this testimony was erroneous as against the plaintiffs in the case who were not present and did not make or concur in the making of the statements and admissions. The testimony of Jewell as to what Clark told him that Kelly had told Clark was inadmissible, as being hearsay, as to Kelly and Muldoon, who were not present. Such admissions and declarations were also inadmissible under the answer for the reason that no fraud was charged in the answer as a ground for setting aside the location of the Blackbird claim, and no claim is set up that the plaintiffs acted

fraudulently in dating back their notice of location, or that defendants were injured thereby.

The dating back of the location notice for the purpose of defeating other claimants to the land covered by the notice was a fraud upon the parties sought to be defeated, and it may also be a fraud upon the government. If such location notice is fraudulently dated anterior to the time of its actual location, in order to place the claimant's location in advance of or more advantageous to that of another locator, it should be considered as fraudulent; and when a party seeks to avoid the effect of such notice, relying upon such fraud, the fraud should be pleaded.

Sec. 2324 Rev. Stat., of the United States, requires that "all records of mining claims heretofore made shall contain the name or names of the locators, the date of location, and such a description of the claim or claims located by reference to some natural object, or permanent monument, as will identify the claim."

It must contain, first, the name of the locator; second, the date of the location; and third, a description of the claim, etc. Barringer & Adams, on Mines, p. 242.

The date of the location is a material fact, and means the correct date; not a fictitious, fraudulent, and incorrect date, inserted for the purpose of defeating some other claimants out of their just rights, or to defeat a location then being made.

The evident purpose of the evidence offered was to show fraud upon the part of the plaintiffs in making their location, or that they were estopped from claiming under the entry in their case. This testimony was inadmissible under the pleadings.

In *Wilson* v. *Sullivan*, 17 Utah, 341, this court held that, "fraud, when relied upon as a defense, must be specifically pleaded in an answer, as well as in a complaint;

and the facts and circumstances relied upon should be set out, in order that the court may know whether there was such fraud as will be of avail to the pleader, and also that the party charged with fraud may know the nature of the charge, and be prepared to meet it."

A similar rule applies to estoppel. *Feversham* v. *Emerson*, 5 Mor. Min. Rep., 500; *Kelley* v. *Taylor*, 5 Mor. Min. Rep., 598; *Boggs* v. *Mercead*, 10 Mor. Min. Rep., 334; *Clark* v. *Huber*, 25 Cal., 594.

In case of another trial either party should be allowed to amend their pleadings, if they so desire, upon such reasonable terms as the trial court may impose.

After considering the whole case, we have determined to reverse the judgment and remand the case for a new trial. On such trial an opportunity will be given each party for a full hearing upon such admissible testimony as may be offered, and in that way the court may be able to arrive at a just conclusion upon the merits of the respective claimants which now appear to be clouded in inexplicable uncertainty.

The judgment of the district court is reversed and the cause remanded, with costs to the appellants, and a new trial is ordered.

Bartch, C. J., and Baskin, J., concur.