C. F. LOOFBOUROW and F. C. LOOFBOUROW, Co-Part-
ners, Appellants, v. JOANNA W. HICKS and FLOY
F. HICKS, Respondent.

### No. 1306. (66 Pac. 602.)

2. **Attorney's Fees: Lien: Enforcement: Waiver: Must be
Pleaded.**
Where, in a suit to enforce a lien for attorney's fees in a foreclosure
suit, defendants did not plead waiver or laches on plaintiffs' part,
a finding that plaintiffs had by their delay waived a right to have
the foreclosure sale set aside, and had lost their lien on the
property, was not within the issues, and should be disregarded.[1]

3. **Attorney's Fees: Part of Judgment: Held in Trust.**
Where a decree provides for the payment of attorney's fees allowed
in a foreclosure suit, and judgment is rendered, the fees form
part of the judgment, and, where they have not been paid to the
attorney, they go to the mortgagee in trust for the attorney.[2]

1. 4. **Facts Stated: Attorney's Fees: Enforcement: Lien on
Property.**
One of the defendants, residing in another State, through her attor-
ney there procured plaintiffs, a firm of attorneys, to foreclose a
mortgage. The decree obtained provided that the proceeds of the
sale should be applied to the payment of the attorney's fees be-
fore payment of the mortgage debt. By direction of the mortga-
gee and her attorney, the property was bid in by plaintiffs in
the name of the mortgagee's daughter, the other defendant; the
attorney promising in the meantime to send a draft for the fees.
The daughter testified that she bought the decree from the mother
before the sale, and that the property was to be bid in in her
name. The balance of the purchase price, after paying all the
costs but the attorney's fees, was credited on the judgment; but

---

[1]Maynard v. Insurance Ass'n, 14 Utah 458, 47 Pac. 1030; Reed v.
Insurance Co., 21 Utah 295, 61 Pac. 21; Muldoon v. Brown, 21 Utah 121,
59 Pac. 720; Hamilton v. Dooly, 15 Utah 280, 49 Pac. 769.

[2]McClure v. Little, 15 Utah 379, 49 Pac. 298, 62 Am. St. Rep. 938;
Gray v. Denhalter, 17 Utah 312, 53 Pac. 976.

24 Utah—4.

no money was paid. *Held,* that the plaintiffs were entitled to enforce their lien for fees against the property bought in the daughter's name.

(Decided November 13, 1901.)

Appeal from the Third District Court, Salt Lake County.— *Hon. W. C. Hall,* Judge.

Action to enforce a lien for attorney fees adjudicated and made a part of the judgment in an action of foreclosure against the purchaser at foreclosure sale. From a decree in favor of the defendant, Floy F. Hicks, the plaintiffs appealed.

REVERSED.

*Messrs. Thompson & Gibson* for appellants.

The undisputed evidence shows that a lien was adjudged in favor of appellants in the foreclosure case of Joanna W. Hicks against Agnes Edwards, and against the property involved in that action; that the respondent, Floy F. Hicks, became the owner of the judgment in said cause and was the real plaintiff in the execution issued in said cause and bought in the property as such execution plaintiff, thus connecting herself directly with the foreclosure proceeding, and she has not paid the amount of her bid made at said foreclosure sale, in that she has refused to pay the sum adjudged to appellants as their attorney's fees in the decree of foreclosure in said cause; that said Floy F. Hicks is still the owner of said premises through and by virtue of said foreclosure proceedings, and the sole owner, and no right of any third person in said premises has attached or intervened. Upon such undisputed evidence the judgment of the court, following Gray v. Denhalter, 17 Utah 312, should have been for the appellants

that they were entitled to make the amount of their said judgment out of said property.

The court erred in making its fifth finding of fact which states "That the plaintiffs herein have by their laches and delay, acts and conduct, waived the right to have said sale vacated or set aside, or have any lien in their favor upon the property described in the complaint," for the reasons:

First. That said finding is not a finding of fact but a conclusion of law.

A mere allegation that something is or has been waived is only a conclusion of law and not a statement of fact. Phinney v. Ins. Co., 67 Fed. Rep. 493.

Second. That no defense of waiver was pleaded by the respondent and the question of waiver was not within the issues involved in the cause.

Waiver must be set up in the answer and proved as a defense. Seymour v. McKinstry, 106 N. Y. 230.

In the above case an equitable lien was enforced, to-wit: a vendor's lien, and it was held that the defense that said lien had been waived must be specially pleaded.

Justice Danforth, speaking for the court, says that it is a defense founded upon new matter; that the plaintiff's lien, as an unpaid vendor, is good against the vendee and against the whole world, unless waived by the vendor or defeated by the alienation of the property by the vendee to a purchaser without notice; that it was not necessary for the plaintiff in the case to allege that he had not waived his lien, as the defendant must both allege and prove such waiver.

Where a fact is found outside of any issue, it is nugatory and of no effect, and can not be considered as supporting the judgment. Maynard v. Ins. Co., 14 Utah 458.

Third. That said fifth finding, considered as conclusion of law, is not supported by any finding of fact.

The conclusions of law must be supported by the findings of fact. Salt Lake City v. Colladge, 13 Utah 522.

Loofbourow v. Hicks.

Fourth. That there was no evidence of laches on the part of appellants. Hamilton v. Dooly, 15 Utah 280.

As is said by Mr. Justice FIELD in Insurance Co. v. Eldredge, 102 U. S. 545:

"It can not be averred that the claim is a stale one when asserted within the period allowed by law, and no rights of third parties as bona fide purchasers have intervened to render inequitable the assertion of the original lien."

The situation of the parties was, when this suit was instituted and now is, exactly the same as at the time the property in controversy was sold under the decree in foreclosure. No rights of innocent third parties have intervened; no act has been done or omitted by these appellants which has in any way changed the rights of the respondent nor upon which either laches or waiver can be based.

We respectfully ask that the decree of the lower court be set aside and that the case be remanded to the court below with instructions that a decree be entered granting to these appellants the relief prayed for together with costs in both courts.

*Messrs. Dey & Street,* and *W. H. Bramel, Esq.,* for respondent.

As to the second point urged, an answer is easily found. The evidence does not show, nor does the complaint allege that plaintiffs were ever adjudged to have a lien on the premises in question. The admitted facts in this regard are that the proceeds of the foreclosure sale—not the land—should be applied, among other purposes, "third, to the payment of attorneys' fees as assessed." There is nothing in the evidence about any lien, nor does the complaint speak of any lien, except the lien on the proceeds of the sale. It was never contemplated by the court or by any of the parties to the suit

that any lien for attorney's fees should attach to the land in the hands of an innocent purchaser for value.

As to the third point in appellants' brief, it may be remarked that they complain of a finding which is alleged to be merely defective in not specifying the particular acts constituting the waiver.

There is no contention to the effect that there is any evidence to establish anything more favorable to defendant in lieu of this finding. Even if it be conceded to be a conclusion of law, it is drawn from such facts set out in plaintiffs' complaint, as are found true by the court, and it matters not whether it be called a finding of fact or a conclusion of law. If the facts set up by plaintiff show that by reason of laches, waiver, payment, or any other circumstances he has no cause of action, the matter is already pleaded, and it is not necessary for defendants to cumber the record by re-pleading it. The facts of plaintiffs' complaint incorporated into the findings show the acts, conduct, laches and waiver referred to in the findings which appellants challenge. Jones v. Clark, 42 Calif. 180; Spargur v. Heard, 90 Calif. 221.

The Supreme Court of Utah, in Gray v. Denhalter, 17 Utah 319, in speaking of a case where the real party in interest in a suit purchased the property, said: "So, likewise, as such party, he was liable to have conditions of the decree and sale enforced against him at any time before the commissioner had made his report as directed in the decree, and the sale has been confirmed, and final disposition of the cause made." Thus, according to the view of this court, an attorney seeking to enforce his lien for fees given in a decree of sale must take action before the sale becomes final. The particular sale involved in this case became final at least three years before suit to enforce the lien was started.

There is not one scintilla of evidence which shows, or from which it may be inferred, that appellants ever intended to look to the land for their fees at any time prior to starting

this suit. There is no evidence showing that Floy F. Hicks was ever notified of any claim against the land except through this suit. But, to the contrary, it appears throughout the whole case, from acts and conduct, from the sale, the receipt, the deed, the delay, the relationship of parties and every other element, that appellants intended to waive all claims against the land, and that intention was fully carried out.

MINER, C. J.—The respondent, Joanna W. Hicks, who resided in the State of Ohio with her daughter, the co-respondent, Floy F. Hicks, through her agent and attorney in that state employed the appellants, a firm of attorneys in Salt Lake City, in the year 1897, to foreclose a mortgage held by her against Mr. Edwards of Salt Lake City, amounting to $1,400, the payment of which was secured upon real estate situate in the latter city. Proceedings were instituted by the appellants in accordance with instructions, and a decree of foreclosure and a sale of the property duly obtained for the sum due on the mortgage, including costs, and the further sum of $150, allowed and decreed to be paid as attorney's fees for the plaintiffs in such foreclosure proceedings. It was provided in such decree that the proceeds of the sale thereof should be applied (1) to the payment of the costs of sale; (2) to the payment of the costs of the foreclosure proceedings; (3) to the payment of the attorney's fees as allowed by the decree; and (4) to the payment of the amount due the plaintiff on the judgment. The order of sale was duly obtained, and the mortgaged property was sold by the sheriff. By direction of Joanna W. Hicks and Mr. Badger, her attorney, in Ohio, in pursuance of an arrangement made between them, the property was bid in by the appellants in the name of Floy F. Hicks, and she has since, through said Badger, received the rents thereof. Joanna W. Hicks sent the appellants money sufficient to pay the costs, except the attorney's fees, and by direction of Mr. Badger, who evidently acted for said respondents, the re-

mainder of the purchase price bid for the land was credited
upon the judgment, the same as if the property had been pur-
chased by the mortgagee; but no money was paid upon said
purchase price.  During the pendency of the suit to foreclose
in 1897, after the entry of the decree, but before sale, and
without the knowledge of the appellants, until about the time
of the hearing of this case, Floy F. Hicks claims that she
purchased the decree from her mother and paid therefor the
sum of $800.  Miss Hicks testifies that she bought the decree
from her mother in 1897, and that it was arranged between
them that the property should be bid in to her on the sale.
Mr. Badger, the attorney in Ohio who was acting for the
respondents, attended to their business correspondence in this
matter, directed the sale to be made to Floy at the price bid,
and also directed the deed to be recorded and mailed to him,
which was thereafter done.  Said attorney also promised in
the meantime to send appellants a draft for their fees.  These
fees were never paid, except $25 as advanced by the plaintiffs.
Joanna W. Hicks is shown to have some property in Ohio, but
none in Utah.  Floy F. Hicks has no property, except the land
in question.  Respondents were shown to have been absent in
Europe for some time since the sale.  This action was brought
to enforce a lien for said $125, attorney's fees; appellants ask-
ing that such fees so allowed by the decree be adjudged a lien
upon the mortgaged premises, prior to any lien or claim of
the respondents or either of them, and for special execution
and other relief.  Floy F. Hicks interposed a general demur-
rer to the complaint, to the effect that it did not state a cause
of action which entitled plaintiffs to any relief.  This de-
murrer was overruled, and the respondent, Floy F. Hicks, filed
her answer, to the effect that she purchased the property in
1897 for the sum of $800, and had no notice or knowledge of
the appellants' lien, but asserted no claim of waiver or laches
on the part of the appellants.  Joanna W. Hicks was in de-
fault.  The trial court made its findings and decree in favor

of the respondent, Floy F. Hicks, and the appellants appealed to this court.

1. The court found, among other things, that the plaintiffs had by their laches and delay waived their right to have said sale vacated and set aside, and also waived any lien in their favor on the property described in the complaint. This finding was excepted to. It is clear that said finding was not based upon any defense set up in the answer. If the respondent wished to avail herself of this defense, she should have pleaded it in her answer, so as to inform the appellants of the nature of her defense and give them an opportunity to meet it. The finding made was merely a legal conclusion, not within the issues raised by the answer, and was therefore nugatory, and can not be considered as supporting the judgment. Seymour v. McKinstry, 106 N. Y. 230, 12 N. E. 348, 14 N. E. 94; Phinney v. Insurance Co. (C. C.), 67 Fed. 493; Maynard v. Insurance Ass'n, 14 Utah 458, 47 Pac. 1030; Weaver v. Barden, 49 N. Y. 286; Reed v. Insurance Co., 21 Utah 295, 61 Pac. 21; Muldoon v. Brown, 21 Utah 121, 59 Pac. 720; Hamilton v. Dooly, 15 Utah 280, 49 Pac. 769. By the terms of the decree it was adjudged that the proceeds of the sale of the property should be applied—Third, to the payment of the attorney's fees allowed at $150; fourth, to the payment of the judgment, etc. After the decree was obtained, and before the sale, Mr. Badger, the attorney in Ohio, wrote the appellants to bid in the property in the name of Floy F. Hicks who resided in Ohio with her mother, Joanna W. Hicks, and take possession of the property in her name, and rent the same, and that he would send them a draft for their attorney's fees, and that whoever had charge of the property should report to him in regard to the rent. It also appears from the deposition of Floy F. Hicks that she received the rents therefor from her agent. The attorney's fees awarded by the decree have not been paid, and the requirements of the decree have not been complied with. Through

the agency of Mr. Badger, who evidently was acting for both respondents, the land was bid in for Floy F. Hicks. Badger had actual notice, and the respondents are chargeable with notice, of the provisions of the decree that $150 attorney's fees, at least, were by its terms to be paid to the attorneys managing the foreclosure. Through this same agency, the title was bid in to Floy on a promise to pay the fees. Several months passed in which negotiations were pending for a settlement. Such negotiations were prolonged largely on account of the absence of the respondents in Europe, so that a final refusal to pay was not made until within a reasonable time prior to the commencement of this suit. Being chargeable with notice of the terms of the decree, which she purchased from her mother, in consideration of which she had promised to have the title taken in her name, and by claiming title and receiving rents thereof, Floy F. Hicks necessarily ratified all acts necessary to procure it, and can not now claim the benefits derived from it and at the same time repudiate the burdens attached to it, of which she or her attorney had notice. Under the circumstances, to allow Floy F. Hicks, in the manner stated, to deprive the appellants of the compensation decreed to them, would be ungrateful and unjust to them. The transaction, as shown in the record, strongly tends to show that the respondents attempted, by fraudulent means to deprive the appellants of their rights under the decree by having the property struck off to Floy.

2. It is true, as held in McClure v. Little, 15 Utah 379, 49 Pac. 298, 62 Am. St. Rep. 938, that attorney's fees, when allowed, go to the mortgagee and become a part of the judgment; but this is not true in the sense that the mortgagee or purchaser of a decree of foreclosure, allowing attorney's fees, may hold such fees for his own and cheat the attorney to whom they should be paid. While the fees form part of the judgment, and go to the mortgagee, yet, if the fees have not been paid to the attorney, they go to the mort-

gagee in trust for the attorney. They are allowed to indemnify the mortgagee against expense which he has or may incur through a default in the payment of the obligation; but he has no other interest in them, unless he has actually paid them to the attorney, than as for such indemnity. As held in Gray v. Denhalter, 17 Utah 312, 53 Pac. 976: "When the amount of such fee has thus been adjudicated and made a part of the judgment, the attorney has an interest in the judgment, and doubtless a lien thereon to the extent of the amount allowed; and this lien can not be discharged by payment to any one except the attorney, who, to the amount thereof, is deemed the equitable assignee of the judgment. With reference to an attorney's lien upon the judgment which he recovers, Mr. Justice Harris, in Rooney v. Railroad Co., 18 N. Y. 368, said: 'It is a valid and established right to receive, out of the moneys to be collected upon the judgment, the amount due him from his client for his services and expenses in obtaining it. In the absence of any agreement on the subject, I suppose, the sum recovered by the party as an indemnity for his expenses would be the measure of compensation allowed to the attorney. This, then, would be the extent of his lien. . . . It is still true that the attorney is to be regarded as the equitable assignee of the judgment to the extent of his claim for services in the action.'" Railroad Co. v. Wilson, 138 U. S. 501, 11 Sup. Ct. 405, 34 L. Ed. 1023. The purchase of the decree by Floy before sale was, as we have seen, with notice of the appellants' claim and lien. The decree was of record, and the attorney, acting for her and directing the sale in accordance with the agreement made by the respondents, knew of its terms. When she bought it she purchased with notice that appellants owned a $150 interest in it, and when she took title she took it with notice that the lien continued upon the land until the amount was paid. Especially is this true when, as in this case, the sale to her was probably brought about through the connivance or fraud of herself, or those acting with her in procur-

ing it.   In any event, Floy was the willing recipient of proceeds obtained through the wrongful connivance of others to defraud the attorneys out of their legitimate fees as decreed by the court.   It also appears that only $800 was paid for the decree or claim, whereas Floy bid $1,250 for the land.   The difference between these sums was never actually paid, although credited upon the judgment by direction of the respondents or their attorney.   Under the circumstances disclosed, a court of equity has inherent power to enforce its judgments and decrees, and can make any order to carry such decrees into effect, when, as in this case, no innocent parties suffer, and may set aside a sale altogether, or make any other sale or order necessary for the enforcement of its decrees, and do justice in the premises.   The lien of the appellants, through the decree, attached to the land, which should, in justice, be held to satisfy it.

The findings and decree of the district court are set aside and annulled, with directions to enter findings and decree in favor of the appellants, in accordance with this opinion, and directing that they have a lien amounting to $125 and interest thereon, upon the said real estate, prior to any lien or claim of the respondents or either of them, and that execution issue for the sale of said property to satisfy such lien, with costs. Appellants are entitled to costs.

BARTCH, J., concurs.   BASKIN, J., concurs in result.