# FILLMORE COMMERCIAL & SAVINGS BANK v. KELLY et al.

No. 3923.   Decided September 5, 1923.   Rehearing denied December
13, 1923.   (220 Pac. 1064.)

1. GUARDIAN AND WARD—GUARDIAN MAY MORTGAGE PROPERTY OF
WARD UNDER LICENSE OF COURT. A guardian may mortgage the
property of his ward when licensed by the proper court under
authority of Comp. Laws 1917, § 7838.

2. GUARDIAN AND WARD—COMPLAINT IN ACTION TO FORECLOSE MORT-
GAGE EXECUTED BY GUARDIAN HELD SUFFICIENT IN ITS ALLEGATION
AS TO GUARDIAN'S AUTHORITY. The complaint, in an action to
foreclose a mortgage, which alleged that it had been executed
by a guardian on property of a ward under license by the court,
*held* not demurrable for failure to allege also the particular
proceedings and ground upon which the order authorizing the
mortgage was made, the pleading of a judgment or determina-
tion of a court of general, or special jurisdiction under Comp.
Laws 1917, § 6600, being sufficient if set forth in general terms
according to its legal effect.

3. GUARDIAN AND WARD—ANSWER IN ACTION TO FORECLOSE MORT-
GAGE GIVEN BY GUARDIAN HELD NOT TO SUFFICIENTLY ALLEGE
FRAUD CONSTITUTING A DEFENSE. In an action to foreclose a
mortgage given by a guardian on property of a minor after the
minor had attained his majority, an answer which, after ad-
mitting execution of a note and the mortgage by the guardian
and nonpayment, alleged that guardian was a stockholder and
director of the bank from which the loan was secured, that the
loan was to purchase water stock, that the guardian and bank
had connived and colluded to mortgage and sell defendant's
property, that the bank was agent for the water company and
received a compensation, that the guardian was financially in-
terested, that the guardian knew the amount of water stock
was more than defendant needed and the price to be paid more
than the proceeds of defendant's land could pay, *held* not to
state facts constituting a defense.

4. FRAUD—PLEADING—PLEADING MUST STATE FACTS CONSTITUTING
FRAUD AND INJURY. In pleading fraud the facts constituting the
fraud must be distinctly stated, together with the injury, in
such a way that the fraud and the alleged damage sustain to
each other the relation of cause and effect.[1]

Appeal from District Court, Fifth District, Millard County; *Wm. F. Knox,* Judge.

Action by the Fillmore Commercial & Savings Bank against James A. Kelly, as guardian of the estate of Franklin Leon Robison, a minor, and Franklin Leon Robison. From judgment for plaintiff, second named defendant appeals.

AFFIRMED.

*Willard Hanson,* of Salt Lake City, and *Higgins & Higgins,* of Fillmore, for appellant.

*T. M. Ivory,* of Fillmore, and *Soule & Spalding,* of Salt Lake City, for respondent.

[1] *Voorhees* v. *Fisher,* 9 Utah, 303, 34 Pac. 64; *Wilson* v. *Sullivan,* 17 Utah, 341, 53 Pac. 994.

CHERRY, J.

This is an action to foreclose a real estate mortgage executed by the defendant Kelly, as guardian of the estate of Franklin Leon Robison, a minor, to the plaintiff. The minor attained his majority after the execution of the mortgage and before the commencement of the action, and was made a defendant in the action. The guardian made no appearance. The defendant Robison filed a demurrer to the complaint, which was overruled. He then filed an answer, to which the plaintiff filed a demurrer, which was sustained. Upon defendant's declining to amend his answer, a judgment was rendered for the plaintiff, from which defendant Robison has appealed.

The overruling of the demurrer to the complaint, and the sustaining of the demurrer to the answer, are assigned as errors and present the questions to be determined on this appeal.

The complaint alleges that the guardian secured an order from the district court of Millard County authorizing and directing him to borrow $1,833.25 for a period of time not

exceeding four years, and to execute and deliver as such guardian a promissory note therefor and secure its payment by executing a mortgage upon certain described real estate of the said minor.

The execution and delivery of the note and mortgage pursuant to the order, the maturity and nonpayment of the note, etc., are alleged in the manner usual in such actions.

It is contended that the complaint is insufficient: First, for the reason that the district court has no power to authorize the execution of a mortgage of real estate belonging to a minor; and, second, because the particular proceedings and grounds upon which the order was made do not appear from the complaint.

The first objection is answered and overcome by the express authority of Comp. Laws Utah 1917, § 7838, which provides as follows:

"When a sale of the property of a ward is necessary to maintain him or his family, or to maintain and educate the ward when a minor, or to pay the debts and expenses of guardianship, or when it appears to the satisfaction of the court that it is for the best interests of the estate that the real or personal property, or some part thereof, be sold, mortgaged, or leased, the guardian may sell, mortgage, or lease the same, upon an order of the court. * * *"

A guardian may mortgage the property of his ward when licensed by the proper court under statutory authority. 1 Jones on Mortgages (7th Ed.) § 102b; 28 C. J. 1206;          1 *U. S. Mortgage Co.* v. *Sperry,* 138 U. S. 313, 11 Sup. Ct. 321, 34 L. Ed. 969; *First Nat. Bank* v. *Bangs,* 91 Kan. 54, 136 Pac. 915; *Foster* v. *Young,* 35 Iowa, 27; *N. W. G. L. Co.* v. *Smith,* 15 Mont. 101, 38 Pac. 224, 48 Am. St. Rep. 662.

The second objection to the complaint is equally untenable. In pleading a judgment or determination of a court of general jurisdiction, it is sufficient to set it forth, in general terms, according to its legal effect. 23 Cyc. 1514. It is not necessary to set out the facts conferring jurisdiction.          2 23 Cyc. 1515. The same rule is applicable in this state to judgments, and determinations of courts of special jurisdiction, by virtue of express statute. Comp. Laws Utah 1917, § 6600.

The fact that a court of competent jurisdiction has made an order for the sale of a testator's estate raises a presumption that all the facts necessary to give it jurisdiction really existed. *Grignon* v. *Astor*, 2 How. 319, 11 L. Ed. 283; *Davis* v. *Gaines*, 104 U. S. 386, 26 L. Ed. 757.

It is the conclusion of this court that the complaint was sufficient in the respect mentioned, as against a general demurrer, and that the demurrer was properly overruled.

The answer which was stricken out on demurrer is too long to be stated in full. It contains much matter wholly irrelevant and immaterial to the subject of the action. Viewing the pleading with indulgence and liberality, the most that can be deduced from it, of any relevancy whatever, is that the answering defendant admits the order of the court authorizing the guardian to execute the note and mortgage, but alleges generally that the order was illegal and void because the court had no jurisdiction to make the order. Admits the execution of the note and mortgage by the guardian, and the nonpayment of the note. Alleges that the guardian was a stockholder and director in the plaintiff bank, at the time the money was borrowed, and that the guardian and the plaintiff bank connived and colluded to mortgage and sell defendant's property and cheat and defraud him out of the same. Alleges that the money was borrowed from the plaintiff for the purpose of purchasing water stock in Sevier River Land & Water Company for the estate of defendant, and that the plaintiff bank was agent for the water company in making sales of water stock, for which it received compensation; that the guardian was therefore financially interested "on the other side of said contract against the interests of defendant"; and that the transaction was entered into by the plaintiff and the guardian for the purpose of cheating and defrauding defendant out of his property and estate. Alleges that at the time 75 shares of water stock in the Sevier River Land & Water Company at $80 per share was purchased or contracted for by the guardian, the guardian knew that the said amount of water stock was more than the defendant needed for his land, and that the guardian and the plaintiff both knew that the

price to be paid was more than the proceeds of defendant's land could pay; that defendant had no other resource; and that the guardian and the plaintiff connived and colluded together for the purpose of cheating and defrauding defendant out of his land, knowing that he could not pay for the said water stock and that his land would have to be sold therefor.

The transaction of which defendant seems to complain is not the execution of the note and mortgage sued upon, but a supposed contract for the purchase of 75 shares of water stock at $80 per share. What the terms or conditions of the contract were, or with whom it was made, are not alleged. The execution of such a contract is not directly alleged, but is merely assumed by the pleader. How the failure to pay for the water stock could result in the sale and loss of defendant's mortgaged land is not made to appear. The value of the water right at the time of purchase, or since, or who owns and uses it, are left to conjecture. The value of the mortgaged land is not stated. It is not claimed that the water right purchased was worth less than the price agreed to be paid, or that the contract itself was unfair or disadvantageous. Whether or not the money borrowed from the plaintiff on the note and mortgage sued upon was applied upon or used in connection with the purchase of 75 shares of water stock at $80 per share is not alleged, but is left to conjecture. No facts are alleged which would result in injury or loss to defendant, and, indeed, it is not alleged that he has been or will be defrauded or damaged.

The essence of the answer is that the guardian and the plaintiff conducted transactions, not fraudulent in themselves, with a fraudulent intent to cheat and defraud the defendant. The alleged financial interest of the guardian in the plaintiff bank, to whom the mortgage was executed, is a circumstance only which would subject the transaction to a closer scrutiny, in case of a showing of bad faith or actual fraud, neither of which appear. It is not alleged that the guardian obtained any advantage or made any gain in any manner. No fraudulent act is alleged, and the answer does not point out in what respect the supposed fraud consists, or how the defendant has been or will be injured in consequence

of it. The allegations of fraud are mere epithets and conclusions which relate to motives, and not to acts or their consequences.

It is elementary that fraud must be alleged by distinctly pleading the facts constituting the fraud. Mere epithets, or conclusions or general charges that a party acted fraudulently, are not good unless accompanied with a statement of facts to sustain it. 1 Bigelow on Fraud, 114; *Voorhees* v. *Fisher*, 9 Utah, 303, 34 Pac. 64; *Wilson* v. *Sullivan*, 17 Utah, 341, 53 Pac. 994; *San Diego County* v. *Utt*, 173 Cal. 554, 160 Pac. 657; *M. T. & S. B.* v. *Monnier*, 169 Cal. 592, 147 Pac. 265; *Wray* v. *Howard*, 79 Okl. 223, 192 Pac. 584; *N. C. D. K. Co.* v. *M. T. Co.*, 82 Wash. 247, 144 Pac. 58.

It is necessary to show not only what the fraud was, and that injury has been sustained, but also the connection of the fraud with the alleged damage, so that it may appear whether the fraud and damage sustain to each other the relation of cause and effect, or at least whether the one might have resulted directly from the other. 1 Bigelow on Fraud, 115.

The answer did not state facts sufficient to constitute a defense to the action, and the demurrer to it was properly sustained.

Judgment affirmed.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.